# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CHERYL RAFFERTY, on behalf of
herself and all others similarly situated**

    **Plaintiff,**

**v.**                                                                             **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS
BUREAU, INC. and JOHN DOES 1-25**

    **Defendants.**

## ORDER

The Court held a status conference in this Fair Debt Collection Practices action on the Parties' outstanding Case Management Report. For the reasons stated on the record at that hearing, Defendant's motion to accept as timely Defendant's response in opposition to summary judgment is due to be granted. (Doc. 39). Plaintiff's motion to strike that response is due to be denied. (Doc. 36). At the hearing the parties were also directed to file a Case Management Report by close of business today, January 10, 2018. It appears they have done so.

The Court also addressed, at the status hearing, Defendant's motion to strike and to impose sanctions. (Doc. 38). In Defendant's third motion for an extension of time, *pro hac vice* counsel for Defendant, Mr. Carlos A. Ortiz, Esq., averred that he had recently learned of his required attendance at a court proceeding in which he was a party. (Doc. 30 ¶¶10–11). In response, counsel for Plaintiff, Mr. Michael O. Massey, Esq., pointed out that Mr. Ortiz was not the only counsel for Defendant that could have filed the motion—local counsel is ultimately "responsible for the progress of the case" under Local Rule 2.02—and that the hearing that Mr. Ortiz was required to

attend had been noticed weeks before and did not involve a dispositive issue in the case.[1] (Doc. 31). Mr. Massey attached to his motion a copy of the online docket in the case and highlighted the hearing notice for the Court. (Notably, despite this filing and the Plaintiff's opposition, the request for more time was granted.)

At the hearing, the Parties agreed that the copy of the online docket was due to be filed under seal because it contained information of a sensitive nature about Mr. Ortiz's case. Initially, the Court agreed as well. After additional review, however, the Court finds that the motion to strike or seal the document is due to be denied.

The filing of documents under seal is generally disfavored. The attachment at issue is a copy of the online docket that is easily accessible to the public through a simple online search of the county court records. As such, there can be little expectation of privacy in the contents of the online docket itself. In addition, the docket contains limited information of a private nature—it merely lists the date of various hearings and motions and concisely summarizes the purpose of the hearing. While the information does relate to a somewhat sensitive matter, it is already fully accessible to the public. Thus, Defendant has not met its burden to establish that the documents should have been filed under seal. Likewise, it would also not be appropriate to strike the document since the docket was clearly relevant to Mr. Massey's argument opposing the extension and was considered by the Court, even if the extension was ultimately granted.

---

[1] It became apparent at the status conference that the issue was partially a simple misunderstanding. Mr. Ortiz claimed in his motion that he had only recently learned that he personally would be required to attend; he did not deny that the hearing had been noticed weeks prior.

As to sanctions, Mr. Massey filed his response with the attached copy of the docket in a good-faith attempt to oppose Mr. Ortiz's motion. There is no evidence that Mr. Massey intentionally altered the docket to mislead the Court or otherwise acted in bad faith.

The entire incident points up a larger issue in this case: the absence of effective communication between the parties. Cooperation, courtesy, and civility are ideals that should be strived for by all parties. Part of being cooperative, courteous, and civil includes meeting deadlines or, at a minimum, timely asking for extensions either from opposing counsel or the Court, and communicating with opposing counsel to resolve disputes that do not require the Court's intervention. Of course, being cooperative, courteous, and civil does not mean that parties cannot be adversarial, or attorneys anything less than zealous advocates.

To address this lack of communication, the Court is directing the Parties, from this point forward, before filing any motion that is subject to Local Rule 3.01(g), to speak with one another by phone regarding the relief sought in the motion and certify in the motion that a telephonic conversation occurred. The Court reminds the attorneys that Local Rule 2.04 imposes a duty on both local counsel and *pro hac vice* counsel to act in compliance with the Rules of Professional Conduct as adopted by the Florida Supreme Court, including Rule 4-8.4, which prohibits dishonesty and disparaging or humiliating other lawyers, and Rule 4-3.4, which requires fairness to opposing counsel and specifically prohibits threatening criminal charges or other disciplinary action for the purpose of gaining an advantage in litigation.

Accordingly, the Court orders:

1) Defendant's motion to accept as timely Defendant's response is **GRANTED**. (Doc. 39).

2) Plaintiff's motion to strike Defendant's response is **DENIED**. (Doc. 36).

3) Defendant's motion to strike Plaintiff's response in opposition to an extension of time is **DENIED**. (Doc. 38).

4) The Parties are **DIRECTED** to certify in all future motions subject to Local Rule 3.01(g) that parties have conferred by telephone as to the subject matter of the motion.

**DONE** and **ORDERED** in Ocala, Florida on January 10, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties