UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL RAFFERTY, on
behalf of herself and all others
similarly situated,
    Plaintiff,

v.

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., doing business as
RMCB COLLECTION AGENCY,
And John Does 1-25.
    Defendants.
-----------------------------------------------/

Case No: 5:17-cv-426-Oc-40PRL

## REPLY TO SUMMARY JUDGMENT RESPONSE

Plaintiff, Cheryl Rafferty, hereby replies to Defendant's Response to her Motion for Summary Judgment (Doc. 35) and states as follows:

1.    Defendant argues that the debt it tried to collect from Plaintiff may not be a consumer debt and thus it is not covered by the FDCPA. Specifically, its Declaration at Doc. 35-4 claims: "RMCB is unaware for what purpose the account balances it collects upon have been incurred, and RMCB has collected on account balances that were not incurred for personal, family or household purposes." Defendant's assertion shows that it failed to comply with basic reporting requirements and therefore must only lawfully be collecting consumer debts in Florida.

2.    According to the Florida Department of Financial Regulations' online Public License Search,[1] Defendant is only licensed with the Florida Office of Financial Regulation as a Consumer Collection Agency. *See also Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information from official government website). Florida Administrative

---

[1] https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search.aspx. To perform the search as to RETRIEVAL-MASTERS CREDITORS BUREAU, INC., the searcher must put a space between the "–" and the "M". The active license number is: CCA0900588.

Code 69V-180.080(9)[2] requires a Consumer Collection Agency to maintain basic information about the debt including, at the minimum, documentation of the debt provided by the creditor. Defendant's Declaration admits that it is unaware for what purpose the account balances it collects upon have been incurred, including information about Plaintiff's alleged debt.[3] As a result, it is clear that Defendant has violated this rule. *See also* F.S. 559.5556 (Maintenance of Records); *Silhan v. Allstate Ins. Co.*, 236 F.Supp.2d 1303 (N.D. Fla. 2002) (in connection with the spoliation of evidence, "A duty to preserve evidence can arise by contract, by statute, or by a properly served discovery request (after a lawsuit has already been filed).").

3.  Further, Defendant has not shown that it qualifies for any exemptions under the law to collect commercial debts without a commercial collection agency license. F.S. 559.544(5) lists the exemptions from registering as a commercial collection agency for those engaging in the business of a commercial collection agency. Those include section (5)(e), which exempts Defendant if less than one-half of its collection revenue arises from the collection of commercial claims, and section 5(i), which exempts out-of-state collectors. In this case, section 5(i) clearly does not apply because Defendant collects consumer debts in Florida under its Consumer Collection Agency license; thus, its business activities in this state are not limited to collecting commercial claims.  *See* 559.543(4) (definition of out-of-state collector).[4] Defendant cannot rely

---

[2] https://www.flrules.org/gateway/RuleNo.asp?title=COLLECTION%20AGENCIES&ID=69V-180.080.

[3] Paragraph 6 of the Complaint alleges that Plaintiff is a "consumer" as defined by Section 1692a and that her debts are all for personal purposes. Those allegations are sufficient to state a claim. *See e.g. Munroe v. Nationstar Mortg. LLC*, 207 F.Supp.3d 232, 241-42, 2016 WL 4766244, at *7 (E.D.N.Y. 2016). *See also* 15 U.S. Code § 1692a(5) ("The term 'debt' means any obligation or <u>alleged obligation</u> of a consumer. . . .) (emphasis supplied).

[4] "'Out-of-state collector' means any person or business entity engaged in the business of soliciting commercial claims for collection or of collecting commercial claims <u>whose business activities in this state are limited to collecting commercial claims</u> by means of interstate

on the 5(e) exemption to collect commercial debts because it admits that it did not record the revenue it obtains from those claims. Without such records, it cannot show that does not exceed the one-half limit of allowable commercial collections. *See* F.A.C. 69V-180.080(9).

4. Finally, Defendant's Declaration is far too vague to raise a genuine issue of material fact as to whether it collected anything but consumer debts in Florida. Although Defendant claims that "RMCB has collected on account balances that were not incurred for personal, family or household purposes," it does not state when it did so, how it performed those collections and whether those collections actually occurred in Florida. Defendant did not prove that it is exempt from the requirement to register as a commercial collection agency pursuant to Fla. Stat. Sec. 559.544(5). These facts – the circumstances, timing, manner, type and location of Defendant's alleged commercial collections - are clearly material.

5. Defendant's Declaration proves it could not be legally collecting commercial debt in Florida; thus, it could only be trying to legally collect an alleged consumer debt from Plaintiff.

Dated: March 9, 2018
/s/ Michael Massey
Trial Counsel
Fla. Bar No. 153680
Massey@352law.com
Massey & Duffy, P LLC
855 E. University Ave.
Gainesville, FL 32601

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foreign has been delivered electronically by filing the same with the Court's electronic filing system and sending a copy to counsel for the Defendant on this March 9, 2018.

s/ Michael Massey

---

communications, including telephone, mail, or facsimile transmission, originating from outside this state." (emphasis supplied).