UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL RAFFERTY, on behalf of
herself and all others similarly situated**

      **Plaintiff,**

**v.**                                    **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS
BUREAU, INC. and JOHN DOES 1-25**

      **Defendants.**

---

## ORDER

Plaintiff brought this action alleging violations of the Fair Debt Collection Practices Act (FDCPA) and has now filed a motion to compel Defendant to supplement its response to one of Plaintiff's initial interrogatories. (Doc. 57). Defendant has opposed the motion to compel. (Doc. 58). On review, the motion is due to be granted, and Defendant is directed to supplement its response to the interrogatory.

## I.    BACKGROUND

Plaintiff seeks to compel a supplemental response to her eighth interrogatory, which reads: "State the names, employer and addresses of any persons who drafted and/or approved of the letter attached as Exhibit 1 to Defendant's Answer and describe their role in drafting and approving it." (Doc. 57-1). Defendant maintained, in its response, that it had "no responsive information to this interrogatory" because the process of drafting the document is largely automated—employees of the company enter the customer's name and the amount of the debt, along with some additional information, into a computer program that generates the letter. (Doc. 57-1). In addition, Defendant

maintains that the letter was initially drafted fifteen years ago and has not been altered or reapproved since then.

## II.   DISCUSSION

As an initial matter, the Court finds it necessary to again remind the parties of their obligation to conduct discovery in a professional manner. "Discovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." MIDDLE DISTRICT DISCOVERY (2015) at I.A.1. Cooperation, courtesy, civility—these ideals should be strived for by all parties on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Unfortunately, in this case, the Court has observed conduct that is not consistent with the spirit of cooperation and civility expected. What appears to have begun as a good-faith discovery dispute has degenerated into what appears to be personal attacks, which are highly inappropriate and make it difficult for the attorneys to fulfill their duties to manage discovery cooperatively. In its response to Plaintiff's motion to compel, for example, Defendant says "Plaintiff's motion does not reflect good lawyering" and suggests that "counsel knows no bounds." In the context of the current dispute, these personal attacks add nothing to the Defendant's legal position.

Turning to the merits of the dispute, the Court first notes that responses to interrogatories should be "designed to provide, rather than deny, information." *Id.* at IV.A.3. Rule 26 provides in general that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

A reasonable interpretation of Plaintiff's eighth interrogatory is that it seeks to determine who at the company was responsible for drafting and approving the form and content of the debt-collection letter sent to Plaintiff, including persons responsible for ongoing approval to ensure the letter remained compliant. The testimony of such persons is clearly relevant to one of Plaintiff's primary allegations—namely, that Defendant violated the FDCPA by improperly relegating necessary information to the reverse side of the letter. (Doc. 1 ¶32). *See Barnello v. Bayview Loan Serv., LLC*, No. 6:14-cv-1383, 2015 WL 5782346, at *9 (M.D. Fla. Sept. 2, 2015) (permitting discovery of persons who approved debt-collection letter).

Persons who are responsible for drafting or approving the letter may also have information relevant to Defendant's affirmative defense that it had proper compliance procedures in place and any violation of the FDCPA was the result of a bona fide error. *See Fegadel v. Ocwen Loan Serv., LLC*, No. 8:15-cv-2228, 2016 WL 6893971, at *3 (M.D. Fla. Nov. 23, 2016) (finding request for information about compliance was relevant to defendant's "bona-fide error" defense).

Defendant argues it does not have any information about who originally drafted the letter. But the names of any persons who subsequently reviewed the letter sent to Plaintiff to make sure it complied with the relevant laws, or who approved the letter for continued use in collecting debts, would also be responsive to the interrogatory and in keeping with the spirit of responding to interrogatories in a manner designed to provide information.

Finally, Plaintiff moves for sanctions under Rule 37(a)(5)(A). The Rule provides that if a motion to compel is granted, the court must require the party whose conduct made the motion necessary to pay the "reasonable expenses incurred in making the motion, including attorney's fees" unless the failure to respond was substantially justified or an award of costs would be unjust.

Defendant has not provided a substantial justification for its failure to provide the names of any persons involved with drafting or approving the letter. Thus, sanctions are appropriate.

Accordingly, Plaintiff's motion to compel is **GRANTED**. (Doc. 57). Defendant is directed to respond to interrogatory eight **on or before April 30, 2018**. Further, under Rule 37(a)(5)(A), Plaintiff is directed to provide its reasonable costs, including attorney's fees incurred as a result of bringing this motion on or before **April 26, 2018**. If Defendant objects to the amount of costs claimed by Plaintiff, it shall file a response within **ten days** of service of Plaintiff's affidavit. Upon receipt of Plaintiff's affidavit and any objections by Defendant, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on April 17, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties