UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL RAFFERTY, on behalf of herself and
all others similarly situated,

       Plaintiff,

vs.                                 Case No. 5:17-cv-00426-PGB-PRL

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., doing business as RMCB
COLLECTION AGENCY, and John Does 1-
25,

       Defendants.       /

**DEFENDANT'S MOTION
FOR AN EXTENSION OF TIME
TO RESPOND TO MOTION FOR CLASS CERTIFICATION**

    Defendant Retrieval-Masters Creditors Bureau Inc. ("RMCB"), through its undersigned counsel, hereby timely and *respectfully* moves the Court for a 15-day extension of time respond to Plaintiff's Motion for Class Certification that would **be up through and including May 11, 2018**, pursuant to Fed.R.Civ.P. 6(b)(1)(A), and in support thereof, states as follows:

    1.    Plaintiff filed this matter as a putative class action, alleging multiple claims, including alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

    2.    Plaintiff filed a Motion for Class Certification on April 5, 2016.

    3.    Pursuant to this Court's Case Management and Scheduling Order [DE 43], Defendant's response is due on or before April 26, 2017.

    4.    Defendant noticed Plaintiff's deposition prior to the deadline for the response to the motion for class certification.

    5.    Due to scheduling difficulties, the soonest the Parties were able to agree to schedule Plaintiff's deposition was April 25, 2018, which is only 1-day before the Court's current deadline.

6. Plaintiff's deposition transcript will therefore not be available to Defendant in its response to Plaintiff's motion for class certification, if the deadline for the same is not extended.

7. As a result, Defendant would be prejudiced by not being able to include any testimony that Plaintiff might provide that would disqualify her as a class representative.

8. Until Plaintiff's new counsel conferred with undersigned counsel regarding the motion for class certification, Defendant was unaware of whether Plaintiff intended to file a motion for class certification.[1]

9. Once Defendant became aware of Plaintiff's intentions, Defendant moved expeditiously to notice Plaintiff's deposition and issued a Notice of Deposition on April 6, 2018; however, scheduling conflicts prevented the deposition from occurring prior to April 25, 2018.

10. Furthermore, lead defense counsel's office, the firm's headquarters, has been in the process of moving into a new building that will take place on April 27, 2018, which will impact counsel's ability to finalize Defendant's response to the motion for class certification.

11. This enlargement of time is not intended for purposes of delay, and no party will be prejudiced as a result of said enlargement.

12. Plaintiff cannot point to any prejudice by this brief delay in the filing of Defendant's response, whereas Defendant would be substantially prejudiced by being deprived of the use of Plaintiff's deposition in drafting its response. It should also be noted that the court reporter's office that will be present at Plaintiff's deposition has informed defense counsel that the normal processing time for a deposition transcript is 8 *business* days, and while a request that the transcript be prepared on an expedited basis may be made, there is no guarantee that the transcript will be prepared on an expedited basis. Furthermore, the expedited request would

---

[1] Defendant's conversations with opposing counsel, along with Plaintiff's discovery motion practice, suggested that a motion for class certification might not be filed. Discovery closes on June 1, 2018. As a result, the only reason the taking of Plaintiff's deposition needed to be expedited was in order to oppose the motion for class certification.

increase the cost per page that the defendant would need to pay by approximately 125%. Under Fed. R. Civ. P. 1, courts are to construe, administer, and employ by the rules to secure a just, speedy, and inexpensive determination of every action and proceeding.

13. Defendant is agreeable to an extension of time for Plaintiff's reply briefing.

## MEMORANDUM OF LAW

Rule 6(b) of the Federal Rules of Civil Procedure permits this Court to enlarge the time for Defendant to respond to Plaintiffs' Motion for class certification upon a showing of good cause. As set forth above, the need to take Plaintiff's deposition, and the prejudice that would result if Defendant is unable to take the same, constitutes good cause. Because of the good cause demonstrated and the complete lack of prejudice to Plaintiff, the Court should grant Defendant's motion for extension of time.

*WHEREFORE*, Defendant Retrieval-Masters Creditors Bureau Inc., respectfully requests that this Court grant an enlargement of time, up to and including May 11, 2018, to file its opposition to Plaintiff's Motion for Class Certification, and to award it any additional relief the Court deems to be appropriate.

## RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01, undersigned counsel conferred with counsel for Plaintiff multiple times regarding the relief sought herein, but Plaintiff opposes the relief sought herein. Plaintiff is agreeable to a 7 day extension of time for Defendant to file its response brief, but not the requested 15 day extension.

Case No.: 5:17-cv-00426-PGB-PRL

**CERTIFICATE OF SERVICE**

    I hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 23, 2018 on:

| | |
|---|---|
| Michael Massey | Michael D. Sechrest, Esq. |
| Massey & Duffy, PLLC | Warner, Sechrest & Butts, P.A. |
| 855 E. University Ave | 5200 S.W. 91st Terrace, Suite 101 |
| Gainesville, FL 32601 | Gainesville, Florida 32608 |

Respectfully Submitted,
HINSHAW & CULBERTSON LLP

*/s/ West A. Holden*
**West A. Holden**
Florida Bar No. 0113569
wholden@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 | Fax: 305-577-1063

*and*

**Carlos A. Ortiz**
Bar No. 6293505 (IL)
cortiz@hinshawlaw.com
*ADMITTED PRO HAC VICE*
**HINSHAW & CULBERTSON LLP**
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Tel: 312-704-3000; Fax: 312.704-3000

*Attorneys for Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC.*

301701268v1 1002814