**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

CHERYL RAFFERTY, on behalf of herself and
all others similarly situated,

      Plaintiff,

Case No. 5:17-cv-00426-PGB-PRL

vs.

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., doing business as RMCB
COLLECTION AGENCY, and John Does 1-25,

      Defendants.      /

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S NOTICE OF REQUESTED FEES[1]**

Defendant Retrieval-Masters Creditors Bureau Inc. ("RMCB"), through its undersigned counsel, submits its opposition to Plaintiff's Notice of Requested Fees and Expenses Relative to the Court's Order of April 17, 2018, and in support of its opposition thereto, states as follows:

**INTRODUCTION**

This Court held that Plaintiff is entitled to *reasonable* fees and costs incurred as a result of Plaintiff bringing a motion to compel a supplemental response to a *single* interrogatory. *See* Order Granting Motion to Compel [DE 63]. In turn, Plaintiff now seeks an award $5,705.00 in attorney's fees, and represents that her attorney incurred 16.3 hours in compelling one interrogatory, and requests that her attorney be awarded an hourly fee of $350. To support this position, Plaintiff filed time records, her counsel's declaration and a decision issued by Magistrate Judge Moody. As will be discussed in more detail, below, none of Plaintiff's papers; however, support the conclusion Plaintiff asks this Court to make. Accordingly, RMCB maintains that the hourly rate requested, the total time Plaintiff has represented was incurred and

---

[1] Defendant contacted Plaintiff in an attempt to negotiate and resolve Plaintiff's Request for Fees, but Defendant's attempt to negotiate a resolution was unsuccessful based on communications between the parties. As a result, Defendant submits this Opposition.

the total requested amount are all unreasonable, and; therefore, the Court should reduce the amount sought.

## MEMORANDUM OF LAW

In determining reasonable attorney's fees, the Court should apply the federal lodestar approach, multiplying the number of hours reasonably expended on the motion at issue by the reasonable hourly rate. *See **Loranger v. Stierheim***, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam)."[A] fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." ***Hensley v. Eckerhart***, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also **Embree v. Medicredit, Inc***., No. 5:16-cv-35-Oc-32PRL, 2017 U.S. Dist. LEXIS 220201 (M.D. Fla. Oct. 25, 2017).

In determining a reasonable hourly rate, the burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation *for the type of litigation in which the fee is being sought*. ***Blum v. Stenson***, 465 U.S. 886, 895, n. 11 (1984); ***NAACP v. City of Evergreen***, 812 F.2d 1332, 1338 (11th Cir. 1987); ***Gaines v. Dougherty Co. Bd. of Edu***, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also **Cooper v. Casey***, 97 F.3d 914, 920 (7th Cir. 1996). "The decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." ***Avirgan v. Hull***, 705 F.Supp. 1544, 1549 (S.D. Fla. 1989) (*citing **Norman v. Housing Authority of City of Montgomery***, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Satisfactory evidence of the market rate; however, requires more than the mere affidavit of the attorney performing the work. ***Blum***, 465 U.S. at 896 n. 11. Also insufficient is testimony that a given fee is reasonable; evidence must be of rates actually billed and paid. ***Hensley***, 461 U.S. at 439 n. 15. Such evidence may be adduced from charges of lawyers under similar

2

circumstances or by opinion evidence. *Norman*, 836 F.2d at 1299. Because FDCPA claims generally do not involve complex issues, courts reduce claimed hourly rates accordingly. *Schlacher v. Law Offices of Phillip J. Rotche*, 574 F.3d 852, 854-55 (7th Cir. 2009); *see also Turner v. Mama Mia I, Inc*., No. 08-61041-CIV-ZLOCH, 2008 U.S. Dist. LEXIS 77424, *3 - *4 (S.D. Fla. Sept. 8, 2008)

> I. **THE COURT SHOULD REDUCE THE $350 HOURLY RATE PLAINTIFF IS SEEKING BECAUSE PLAINTIFF FAILED TO MEET HER BURDEN OF ESTABLISHING THE PREVAILING MARKET RATE AND THE RATE IS UNREASONABLE.**

Plaintiff seeks an hourly rate of $350 for the attorney's fees sought. In support of this position, Plaintiff provided solely a statement from her counsel that this rate was reasonable, and attached an order, based upon an unopposed motion for default judgment, in which Plaintiff's counsel was awarded fees at a rate of $350 per hour in a *non-consumer law case*.[2] The mere declaration of the attorney performing the work testifying that the given fee is reasonable; however, is insufficient for Plaintiff to carry her burden. *Blum*, 465 U.S. at 896 n. 11; *Hensley*, 461 U.S. at 439 n. 15. In addition, the declaration Plaintiff submitted is conclusory and devoid of any substance regarding "rates actually billed and paid in similar lawsuits," which is, in part, what is needed for Plaintiff to satisfy her burden in the context of reasonableness of the hourly rate sought. *Westlake v. Atl. Recovery Solutions, LLC*, No. 8:15-cv-1626-T-33TBM, 2016 U.S. Dist. LEXIS 7692, *5-*6 (M.D. Fla. Jan. 22, 2016). Because Plaintiff failed to provide a declaration with the requisite testimony, the Court should disregard it. *Anderson v. MFP, Inc.*, No. 8:12-cv-1843-T-TGW, 2015 U.S. Dist. LEXIS 175273, *11 (M.D. Fla. Aug 25, 2015); *see*

---

[2] Of note, in the case cited by Plaintiff, while the Court did not challenge the requested and unopposed $350 per hour rate, it did substantially reduce the amount of total fees in light of an unreasonable amount of hours worked on the case. *See Blair v. Arora et. al*, No. 7, 1:17-cv-460-OC-39PRL (M.D. Fla Nov. 27, 2017)[Doc 66-3].

3

*also Norman*, 836 F.2d at 1301 (conclusory statements as to reasonableness of rates is not satisfactory).

What is more, evidence to support an hourly rate must be based on the type of litigation in which the fee is being sought. ***Evans v. Portfolio Recovery Associates, LLC***, Case No. 15 C 4498, 2017 U.S. Dist. LEXIS 108037, *5 - *6 (N.D. Ill. July 12, 2017); *see also* ***Blum***, 465 U.S. at 896 n. 11. The order Plaintiff submitted in support of her Request for Fees involved the Fair Labor Standards Act, and Plaintiff has provided no authority or argument as to how that statute is similarly situated to the FDCPA, which is the statute at issue here. As a result, the Court should not use as a basis for determining a reasonable hourly rate the order that Plaintiff submitted. ***Evans*** 2017 U.S. Dist. LEXIS 108037 at *5 - *6. Plaintiff has; therefore, failed to meet her burden of establishing $350 as a reasonable rate for this matter.

The law governing the reasonableness of an attorney's hourly rate requires a comparison between the subject attorney and lawyers of reasonably comparable skills, experience, and reputation. ***Westlake***, 2016 U.S. Dist. LEXIS 7692 at *5-*6; ***Anderson***, 2015 U.S. Dist. LEXIS 175273 at *11 - *13. Courts should reserve higher hourly rates for the most skilled attorneys litigating complex cases. ***Anderson***, 2015 U.S. Dist. LEXIS 175273 at *11. Here, Plaintiff requested that her attorney be awarded an hourly rate of $350. That rate; however, is at the very top of the market for attorneys. ***Anderson***, 2015 U.S. Dist. LEXIS 175273 at *9 - *10. Plaintiff has provided no justification whatsoever as to why her counsel is entitled to an hourly rate of $350. Plaintiff has provided no evidence of reasonably comparable skills, experience and reputation that her counsel has relative to other attorneys in consumer cases in order for the Court to even begin considering $350 as an hourly rate.

While there is no dispute that Plaintiff's attorney has been admitted to practice law in Florida for nearly 20 years, courts have declined to award hourly rates of $350 for attorneys with

anywhere between 34 and 40 years of experience and who have handled dozen of consumer cases. *Anderson*, 2015 U.S. Dist. LEXIS 175273 at \*9 - \*13; *Westlake*, 2016 U.S. Dist. LEXIS 7692 at \*6-\*9. Here, Plaintiff provided no evidence to the Court regarding her attorney's experience regarding consumer cases or that this case involves a novel issue of law. In discovery, Plaintiff conceded that other than the subject action, her counsel has never filed a case that contained putative class allegations, and that other than this case, Plaintiff's attorney has filed one case in his career involving the FDCPA. *See* Exh. A, Plaintiff's Response to Defendant's Interrogatories. Given the above, RMCB maintains that Plaintiff's counsel should be entitled to an hourly rate of no greater than $250.

## II. THE COURT SHOULD REDUCE THE HOURS THAT PLAINTIFF IS CLAIMING HER ATTORNEY SPENT ON THE MOTION TO COMPEL BECAUSE THE TIME INCURRED IS UNRELATED TO THE MOTION TO COMPEL AND IS OTHERWISE EXCESSIVE.

Plaintiff has requested a total of 16.3 hours incurred as a result of the motion to compel. Simply put, this amount is not reasonable. Plaintiff compelled the production of a *single* interrogatory. Plaintiff's Motion was less than 9 pages, and cited to 9 cases. Therefore the 12.2 hours spent drafting the Motion to Compel was excessive. The Court should therefore utilize its discretion to adjust the same downward.

Furthermore, Plaintiff includes entries that are not attributable to the bringing of the motion. The first 1.7 hours of Plaintiff's counsel's time entries, from Friday March 2, 2018 through Wednesday March 7, 2018, relate to multiple interrogatories, namely interrogatories 4, 8, and 10. Defendant supplemented its interrogatory answers on March 7, 2018, contemporaneously with the Parties good faith conference on that date. *See* Defendant's Supplemental Responses To Plaintiff's First Set of Interrogatories [DE 57-1]. After Defendant supplemented its responses, Plaintiff only moved to compel better answers to interrogatory

number 8. *See* Plaintiff's Motion to Compel [DE 57]. Therefore, Plaintiff's time entries up to and including the good faith conference, which relate to multiple interrogatories not at issue here, and where a portion of the Parties' discovery issues were satisfied via supplemental responses absent the Court's intervention, are not reasonable. Accordingly, in addition to reducing the amount of time spent actually drafting the Motion to Compel, the Court should reduce the time spent prior to drafting the motion to compel, as it reflects entries incurred as a result of bringing the motion to compel.

Plaintiff also claims that her attorney is entitled to be compensated on the motion to compel for a total of 1.6 hours that Plaintiff represents were incurred on March 28, 2018 and March 29, 2018 for reviewing RMCB's Opposition to the Motion to Compel and deciding whether to seek leave to file a reply. RMCB's Opposition Brief was approximately 14 pages in length. As a matter of law, it is not reasonable that it would take Plaintiff 1.6 hours to review a 14 page brief involving a single interrogatory. What is more, Plaintiff did not seek leave to file a reply on the Motion to Compel. The Court should also reduce the 1.6 hours claimed.

In total, a reduction of Plaintiff's requested hours as it relates to actually drafting the motion to compel by at least half would be appropriate. This reduction of at least 6.1 hours, combined with the reduction of 1.7 hours for hours worked resolving issues relating to other interrogatories, plus a reduction of at least half of the claimed 1.6 hours for reviewing RMCB's Opposition to the Motion to Compel, would result in a maximum fee amount of 7.7 hours. At a rate of $250 per hour, this would lead to an award of $1,925, which should be the maximum the Court awards Plaintiff for attorney's fees on the Motion to Compel.

## CONCLUSION

The Court should exercise its discretion and judgment and award Plaintiff an appropriate hourly rate and amount of hours. Plaintiff has not met her burden of establishing an appropriate

6

hourly rate in a consumer claim, but the Court should award no higher than $250 per hour, which is akin to what other courts have awarded plaintiff's lawyers who have more overall experience and consumer law experience that Plaintiff's attorney. Furthermore, the Court should reduce the amount of fees associated with the drafting of the motion, and associated with interrogatories that were not at issue in the motion.

Wherefore Retrieval-Masters Creditors Bureau Inc. respectfully requests this Court enter an Order awarding fees to Plaintiff at a rate not to exceed $250 per hour, and for a reasonable number of hours not to exceed 7.7, along with awarding any other appropriate relief in favor of Defendant.

### CERTIFICATE OF SERVICE

I hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2018, on:

| | |
|---|---|
| Michael Massey | Michael D. Sechrest, Esq. |
| Massey & Duffy, PLLC | Warner, Sechrest & Butts, P.A. |
| 855 E. University Ave | 5200 S.W. 91st Terrace, Suite 101 |
| Gainesville, FL 32601 | Gainesville, Florida 32608 |

Respectfully Submitted,
HINSHAW & CULBERTSON LLP

*/s/ West A. Holden*
**Carlos A. Ortiz**
Bar No. 6293505 (IL)
cortiz@hinshawlaw.com
*ADMITTED PRO HAC VICE*
**HINSHAW & CULBERTSON LLP**
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Tel: 312-704-3000; Fax: 312.704-3000

Case No.: 5:17-cv-00426-PGB-PRL

*and*

**West A. Holden**
Florida Bar No. 0113569
wholden@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 | Fax: 305-577-1063

*Attorneys for Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC.*