**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CHERYL RAFFERTY, on
behalf of herself and all others
similarly situated,

    Plaintiff,                                              Case No: 5:17-cv-426-Oc-40PRL

v.

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., doing business as
RMCB COLLECTION AGENCY,
and John Does 1-25,

    Defendants.
-------------------------------------------/

**MOTION TO AMEND/SUBSTITUTE**
**MEMORANDUM OF LAW**

Plaintiff, Cheryl Rafferty, through her undersigned counsel, files this Motion to Amend/Substitute her Complaint to add Jeffrey S. Wollman as Defendants and states as follows[1]:

**FACTUAL BACKGROUND**

This case is brought under the Fair Debt Collections Practices Act (FDCPA) relating to a debt collections letter sent to Plaintiff dated June 7, 2017 (a copy of which was attached as Exhibit 1 to Defendant's Answer). On January 12, 2018, Plaintiff propounded discovery on Defendant which included the following Interrogatory Number 8:

> State the names, employer and addresses of any persons who drafted and/or approved of the letter attached as Exhibit 1 to Defendant's Answer and describe their role in drafting or approving it.

---

[1] On March 1, 2018, the Court declined not to continue to grant extensions on an indefinite piecemeal basis and thus denied without prejudice a motion to extend the deadline to add parties and amend the pleadings. DE 55.

After being ordered to do so, on May 2, 2018, Defendant responded to Interrogatory Number 8 which now states[2]:

> The subject letter has been in existence and use for over fifteen years and RMCB has no record of who initially drafted, approved and/or created the letter. The subject letter has not since been redrafted, reapproved and/or recreated. When RMCB received electronic data from the creditor, Swiss Colony, regarding unpaid, outstanding account balances, RMCB's IT team uploads that data into RMCB's systems, which triggers collection correspondence to be populated regarding the individual who owes the account balance to Swiss Colony, and then mailed.  There is no "drafting" or "approval" process with that, and the form of the subject letter was created over 15 years ago.  Therefore, only the IT team has direct involvement with the inputting of a debtor's specific data into the letter. This team only performs IT functions, and are not debt collectors (i.e. they are located in Defendant's sever room, and do not perform any debt collection activities).
> <u>Jeffrey S. Wollman, Defendant's Chief Financial Officer, is responsible for the review and legal compliance affairs for RMCB, which includes the responsibility for the compliance of the letter</u>.  Mr. Wollman has been employed by RMCB for over twenty years.  While Mr. Wollman did not initially draft or approve the letter, and did not subsequently perform a review or revision of the letter; as CFO, <u>he oversaw compliance for the letter generally, and oversaw the continued use of the letter without modifications or revisions</u>.  To the best of Mr. Wollman's knowledge, the form of the subject letter has never been determined to violate the law.  <u>Mr. Wollman is also generally responsible for the automated process that resulted in the subject letter being mailed to Plaintiff</u>, but he did not participate in any individualized decision to send the letter to Plaintiff. There was no individualized decision taken by any one person at RMCB to send the subject letter to Plaintiff; a computer dated and addressed the subject letter, based upon an automated process. Mr. Wollman oversaw the business relationship between RMCB and Swiss Colony that ultimately resulted in Swiss Colony sending the subject unpaid, outstanding account balance, along with other unpaid accounts, to RMCB for collection purposes.  Mr. Wollman may be reached via undersigned counsel.

(e.s.). See attached **Exhibit A**.

---

[2] The amended version of Defendant's response to integratory 8 deletes the first sentence from the prior version of the interrogatory response that "RMCB has no responsive information to this interrogatory."

## MEMORANDUM OF LAW

Defendant's response to Interrogatory Number 8 shows that Jeffrey S. Wollman, Defendant's Chief Financial Officer, is responsible for the review and legal compliance affairs for RMCB, which includes the responsibility for the compliance of the letter at issue in this case. He is responsible for the automated process that resulted in the subject letter being mailed to Plaintiff. He oversaw compliance for the letter generally, and oversaw the continued use of the letter without modifications or revisions.

The FDCPA defines the term "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Most district courts that have addressed the issue of personal liability have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. *See e.g. Schwarm v. Craighead*, 552 F.Supp.2d 1056 (E.D. Cal.2008).

For example, in *Musso v. Seiders*, 194 F.R.D. 43, (D.Conn. 1999), the court explained:

> The same reasoning applies to this case. The plaintiff does not seek to hold the defendant liable simply by virtue of his position with CRA; rather, <u>she alleges that he is personally liable as a debt collector because he knew of the allegedly unlawful procedures being used but nevertheless approved or ratified them.</u> The plaintiff has stated a claim under the FDCPA against the defendant in his individual capacity. Therefore, the defendant's motion must fail.

(e.s.). Similarly, in *Schmidt v. Synergetic Communications, Inc., Avaveo, and Ken Walsh*, Case No. 2:14-cv-539-FtM-29CM, Dist. Court, MD Florida 2015, this Court held:

> The Complaint states that <u>Orlando and Caraveo were acting as corporate officers of Synergetic when the allegedly improper collection efforts took place</u>. (Doc. #1, ¶¶ 6-7.) It is further alleged that <u>Orlando and Caraveo, by virtue of their positions within Synergetic, controlled and directed Synergetic's collection practices, including the practices alleged to have violated the FCCPA and FDCPA in this case</u>. (Id. at ¶¶ 17-18.) These allegations are sufficient to allege FCCPA and

3

>FDCPA causes of action against Orlando and Caraveo in their individual capacities. *See Arlozynski*, 710 F. Supp. 2d at 1310 (M.D. Fla. 2010) (permitting causes of action against individual defendants alleged to "control and direct the debt collection practices" of the corporate defendant).

*See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 999 (9th Cir. 2012) (sole owner, officer, and director of corporation may be considered a "debt collector"); *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 437 (6th Cir. 2008) (finding sole member of LLC may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (finding that President and Manager of debt collection agency are "debt collectors" under FDCPA language).

A copy of the proposed Amended Complaint is attached hereto as **Exhibit B**. It substitutes the previously unknown Jon Does with Jeffrey S. Wollman and describes his role in sending the letter.

Aside from adding Mr. Wollman, the proposed Amended Complaint also adds the allegation to paragraph 6 that "the alleged debt in this case is related to one or more gifts Plaintiff made to friends for their personal use." As evidenced per Plaintiff's declaration attached hereto as **Exhibit C**, the alleged debt is consumer related.[3]

## CONCLUSION

Plaintiff respectfully requests that the court permit the filing and service of the attached Amended Complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Per Local Rule 3.01(g) and this Court's Order at Doc. 44 Plaintiff's counsel personally spoke to West Holden, counsel for Defendant, on or about May 3, 2018, and with Carlos Ortiz,

---

[3] This declaration has previously been provided to Defendant, prior to her deposition.

counsel for Defendant, via email on May 8, 2018, who indicated that Defendant opposes this motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will case the foregoing to be sent via email to the following registered participants:

| | |
|---|---|
| Carolos A. Ortiz, Esq.<br>cortiz@hinshawlaw.com<br>West A. Holden, Esq.<br>wholden@hinshawlaw.com<br>Attorneys for Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. | Michael Massey, Esq.<br>massey@352law.com<br>Attorneys for Plaintiff |

**Warner, Sechrest & Butts, P.A.**

*/s/ Michael D. Sechrest*
**Michael D. Sechrest, Esq.**
Florida Bar No.: 0150710
**D. Marc Warner, Esq.**
Florida Bar No. 0151238
**Sean G. Hipworth**
Florida Bar No.: 121246
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
T: (352) 373-5922
F: (352) 373-5921
Attorneys for Plaintiff
*Designated Email Addresses:*
Sechrest@fbswlaw.com
Marc@fbswlaw.com
KimHart@fbswlaw.com
Lisa2@fbswlaw.com
shipworth@fbswlaw.com