UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL RAFFERTY, on behalf of herself
and all others similarly situated,

    Plaintiff,                                             Case No. 5:17-cv-426-Oc-40PRL

v.

RETRIEVAL-MASTERS CREDITORS
BUREAU, INC., doing business as
RMCB COLLECTION AGENCY, and
JEFFREY S. WOLLMAN,

    Defendants.

_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, CHERYL RAFFERTY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendants, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. D/B/A RMCB COLLECTION AGENCY, (hereinafter "RMCB") and JEFFREY S. WOLLMAN collectively (hereinafter collectively "Defendants") and states the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 et seq.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of Florida, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3). All of her debts are for personal purposes. All of her debts are for personal purposes and the alleged debt in this case is related to one or more gifts Plaintiff made to friends for their personal use.

7. RMCB is a foreign limited liability company with its office located at 4 Westchestr Plaza, Suite 110, Elmsford, NY 10523.

8. Upon information and belief, RMCB is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

9. RMCB has attempted to collect a debt allegedly owed by Plaintiff to Swiss Colony.

10. RMCB regularly used the United States Postage Service in its attempts to collect debts due to others.

11. RMCB is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

12. Jeffrey S. Wollman, Defendant's Chief Financial Officer, is responsible for the review and legal compliance affairs for RMCB, which includes the responsibility for the compliance of the letter at issue in this case. He is responsible for the automated process that resulted in the subject letter being mailed to Plaintiff. He oversaw compliance for the letter generally, and oversaw the continued use of the letter without modifications or revisions.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a Florida class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class consists of:

- All Florida consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*

- The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have

3

received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the Defendants violated Section § 1692g et seq. of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's operative facts and are based on the same legal theories and her claims are typical of the Class, which all arise from the same operative facts.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or before June 7, 2017, an entity named Swiss Colony placed Plaintiff's account with RMCB for the purpose of collection of an alleged personal debt.

17. On or before June 7, 2017, RMCB caused to be mailed to Plaintiff a letter attempting to collect the alleged debt. A copy of said letter is annexed hereto as **Exhibit A**.

18. Said letter requested payment in full.

19. Said letter states on its front side that "<u>Now</u> is the time for you to address this seriously past due account" and that "Your payment in full in the amount of **$440.90** <u>is necessary</u>." (underlined emphasis supplied).

20. Said letter continues by directing Plaintiff to send the money to Defendants in the enclosed envelope.

21. The front side of said letter states "Amount Due" in font double or triple the size of any of the other fonts used in the letter.

22. The front side of said letter contains the term "IMPORTANT NOTICE" three times down its right side, while the back side contains no such labeling and, instead, is in plain small font.

23. Although there is ample room for the disclosure to Plaintiff regarding her rights to dispute the debt to be on the font of the notice, Defendants intentionally regulated that information to the back side of the June 7, 2017 letter by stating "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" and "SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION ABOUT YOUR RIGHTS".

<u>**COUNT I**</u>
<u>**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692g AS TO RMCB**</u>

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 as if the same were here set forth at length.

25. Collection letters and/or notices such as those sent by RMCB are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

27. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. RMCB's letter to Plaintiff, dated June 7, 2017 contained the required validation notice on the back of the letter.

29. Applying the least-sophisticated-consumer standard, RMCB violated § 1692g(a), even if it included an accurate validation notice, because that notice is overshadowed or contradicted by other language in communications to the debtor.

30. Specially, RMCB's June 7, 2017 letter states on its front side that "Now is the time for you to address this seriously past due account." and that "Your payment in full in the amount of **$440.90** is necessary." The letter continues by directing Plaintiff to send the money to RMCB in the enclosed envelope.

31. The use of the terms "Now" and that full payment "is necessary" both overshadow and conflict with Plaintiff's rights to dispute the debt or any portion thereof within 30 days of receipt of the letter.

7

32. Moreover, although there is ample room for the information about disputing the debt to be on the font of the notice, RMCB intentionally regulated it to the back side of the June 7, 2017 letter by stating "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" and "SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION ABOUT YOUR RIGHTS". By relegating this information unnecessarily to the back of the letter, RMCB overshadowed its important rights by emphasizing that the payment "is necessary" "now."

33. The June 7, 2017 letter might lead the least sophisticated consumer to be uncertain whether she had any right to dispute the debt at all before paying it "now". Thus, the letter violates § 1692g(a).

34. The front side of the June 7, 2017 letter indicates RMCB is a "credit bureau" but the letter states that the alleged debt "has been reported to a credit bureau," thus misleading the least sophisticated reader into thinking the 30 days for disputing the debt has passed because the debt has already been reported to a "credit bureau" – i.e. RMCB.

35. The front side of the June 7, 2017 letter states "Amount Due" in font double or triple the size of any of the other fonts used in the letter – including the language in much smaller font on the back, thus overshadowing the right to dispute the debt as an amount that is not actually due.

36. The June 7, 2017 letter contained an "enclosed envelope" for returning the payment, further emphasizing that payment "is necessary" "now" instead of the possibility that the debt could be disputed.

37. The June 7, 2017 letter the front side contains the term "IMPORTANT NOTICE" three times down its right side, while the back side contains no such labeling and, instead, is in

plain small font thus causing any notices on the back side to be overshadowed by the alarming notices on the front side that the claimed amount is "due."

38.　By reason thereof, RMCB is liable to Plaintiff for declaratory judgment that RMCB's conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC., as follows:

(a)　Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Michael O Massey, Esq., as Class Counsel;

(b)　Issuing a preliminary and/or permanent injunction restraining RMCB, its employees, agents and successors from, inter alia, engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring RMCB to make corrective disclosures;

(d)　Awarding Plaintiff and the Class statutory damages;

(e)　Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and costs; and

(f)　Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## COUNT II
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692g AS TO JEFFREY S. WOLLMAN

39.　Plaintiff repeats the allegations contained in paragraphs 1 through 38 as if the same were here set forth at length.

9

40. At the time RMCB's improper collection efforts took place, JEFFREY S. WOLLMAN was acting as a corporate officer (Chief Financial Officer) of RMCB.

41. As the CFO of RMCB, JEFFREY S. WOLLMAN controlled, directed, and/or participated in RMCB's debt collection practices and is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

42. As the CFO of RMCB, JEFFERY S. WOLLMAN is personally liable as a debt collector because he knew of the unlawful procedures being used but nevertheless approved or ratified them.

43. By reason thereof, JEFFREY S. WOLLMAN is liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant, JEFFREY S. WOLLMAN, as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Michael O Massey, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining JEFFREY S. WOLLMAN, RMBC, and its employees, agents and successors from, inter alia, engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring JEFFREY S. WOLLMAN to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and costs; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 20_____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will case the foregoing to be sent via email to the following registered participants:

| | |
|---|---|
| Carolos A. Ortiz, Esq.<br>cortiz@hinshawlaw.com<br>West A. Holden, Esq.<br>wholden@hinshawlaw.com<br>Attorneys for Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. | Michael Massey, Esq.<br>massey@352law.com<br>Attorneys for Plaintiff |

**Warner, Sechrest & Butts, P.A.**

*/s/ Michael D. Sechrest*
**Michael D. Sechrest, Esq.**
Florida Bar No.: 0150710
**D. Marc Warner, Esq.**
Florida Bar No. 0151238
**Sean G. Hipworth**
Florida Bar No.: 121246
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
T: (352) 373-5922
F: (352) 373-5921
Attorneys for Plaintiff
*Designated Email Addresses:*
Sechrest@fbswlaw.com
Marc@fbswlaw.com
KimHart@fbswlaw.com
Lisa2@fbswlaw.com
shipworth@fbswlaw.com

**RMCB** — **RETRIEVAL-MASTERS CREDITORS BUREAU, INC.**
**COLLECTION AGENCY**
4 Westchester Plaza, Suite 110
Elmsford, NY 10523



June 7, 2017

01 DS1 SC1 200 98384692884A
Pin Number: ▇▇▇7721
(855) 980-7622

38

Cheryl Rafferty
17300 Ne ▇▇▇
Silver Springs, FL 34488-4811

**IMPORTANT NOTICE** · **IMPORTANT NOTICE** · **IMPORTANT NOTICE** · **IMPORTANT NOTICE**

Dear Cheryl Rafferty:

We have been authorized to contact you regarding your past due account with our client, **Swiss Colony**, in the amount of **$440.90**.

Your account has been outstanding for some time and our client has informed us that this has been reported to a credit bureau. Now is the time for you to address this seriously past due account. Your payment in full in the amount of **$440.90** is necessary. Please send your check or money order to us in the enclosed envelope made payable to Retrieval Masters Creditors Bureau.

**SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION ABOUT YOUR RIGHTS.** If you do not respond, you will be subject to additional collection efforts.

---

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

DS1-T - RMCB.WFD - 778378 - 00012513 - 1 of 1
Detach and return this portion with payment using enclosed envelope.

| | |
|---|---|
| **Amount Due:** | **$440.90** |

To pay online: **pay.retrievalmasters.com**

☐ VISA    ☐ MASTERCARD    ☐ DISCOVER

Card #: _____
Exp. Date: _____   Amount: _____
Signature: _____
Client Code: SC1     Account: 9▇▇▇884A
Pin Number: ▇▇▇7721
01 DS1 SC1 200

| | |
|---|---|
| You Owe: | Swiss Colony |
| Charge Date | December 3, 2015 |
| Account Number | ▇▇▇884A |
| Pin Number: | ▇▇▇7721 |
| Name: | Cheryl Rafferty |
| Street Address: | 17300 Ne ▇▇▇ |
| City, State Zip: | Silver Springs, FL 34488-4811 |

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

▇▇▇884A+++0

**Exhibit A**

The disclosures below are required by state or federal law. This is not intended to be a complete statement of all rights consumers may have under state and federal law.

"This is an attempt to collect a debt. Any information obtained will be used for that purpose." This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

˄ Detach along this edge. ˄
Return the Bottom portion with your check, credit card information or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.