**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHERYL RAFFERTY, on behalf of**
**herself and all others similarly situated**

 **Plaintiff,**

**v.**              **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS**
**BUREAU, INC. and JOHN DOES 1-25**

 **Defendants.**

## ORDER

Before the Court is Plaintiff Cheryl Rafferty's request for attorney's fees. (Doc. 66). Previously, the Court ruled that Plaintiff was entitled to her fees incurred in making a successful motion to compel and directed Plaintiff to provide evidence as to the amount of fees incurred. (Doc. 63). Defendant, Retrieval-Maters Creditors Bureau, Inc., has opposed the amount of the requested fee. (Doc. 72). After review, the Court finds that Plaintiff is due to be awarded $1,680 in attorney's fees.

## I. BACKGROUND

In this Fair Debt Collection Practices action, Plaintiff sought to compel a supplemental response to Plaintiff's eighth interrogatory, seeking information on persons who had approved the debt collection letter she alleges violates the statute. The motion was nine pages long—including both legal argument and factual background—and included four exhibits. (Doc. 57). Plaintiff seeks 16.5[1] hours for preparing the motion and related work, including 12.2 hours for researching and

---

[1] Plaintiff's time records indicate that the amount sought is 16.3 hours, but the total hours

- 2 -

drafting the motion. (Doc. 66-2). Plaintiff seeks an hourly rate of $350 per hour, totaling $5,705 in attorney's fees. (Doc. 66-2).

## II.   DISCUSSION

While Plaintiff has a right to attorney's fees incurred in making her successful motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

---

documented add up to 16.5 hours.

## A.    Reasonable Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So.2d at 1150. Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.,* No. 8:09-cv-1556, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cty.*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Defendant notes that of the 16.5 hours Plaintiff seeks, only 12.2 hours actually relate directly to researching, drafting, and reviewing the motion to compel. The other hours, Defendant contends, relate to work that was not entirely necessary to *file* the motion to compel—for example, time spent reviewing responses to other interrogatories and time spent (1.5 hours, e.g.) reviewing Defendant's response and checking cites in it. (Doc. 66-2).

While some of this time could be credited to the Plaintiff, the Court is disinclined to do so given the lack of complexity of the issue in dispute and because no reply was filed (or needed) in response to the Defendant's filing. Nor was a response needed in response to the Defendant's

objections to the order granting the motion to compel, as the Court quickly resolved it. These hours will be deducted then.[2]

Next, Defendant contends that the 12.2 hours spent drafting the motion is excessive given that the motion was nine pages long and addressed only one interrogatory. Although the issue was contentious and did require a thorough argument, the disagreement was mainly factual, dealing primarily with a practical issue, and did not require extensive legal research or complex argument. Therefore, the Court finds that Plaintiff's hours are somewhat excessive and not entirely necessary.

The Court will reduce Plaintiff's time to an hour and a half for initially preparing the motion, two and a half hours for drafting the motion, and an hour for revising and finalizing the motion. The Court finds that five hours is a reasonable number of hours necessary for preparing the motion, under the circumstances. Along with the .6 hours for the good-faith conference, the Court finds that a total of 5.6 hours is a reasonable number for hours. *Cf. Cake v. Casual Concepts, Inc.*, No. 3:16-cv-102, 2017 WL 3917001, at \*9 (M.D. Fla. Aug. 16, 2017) (finding 3.6 hours reasonable for motion to compel); *Pharis v. Kirkman Mangmt., LLC*, No. 6:12-cv-1748, 2013 WL 6001088, at \*3 (M.D. Fla. Nov. 12, 2013) (allowing 2.8 hours for motion to compel).

### B. Reasonableness of Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on

---

[2] However, time spent conferencing with opposing counsel on the motion to compel is necessary to making the motion, as Local Rule 3.01(g) requires a good-faith conference before filing a motion to compel. Thus, the Court will uphold Plaintiff's request for .6 of an hour to conference with opposing counsel.

the question of the reasonableness of fees and may consider its own knowledge and experience. *Id.* at 1303.

Plaintiff seeks $350 an hour as a reasonable rate and notes that this rate was previously determined to be reasonable in a FLSA case in this division involving the same attorney. (Doc. 66-3). Plaintiff's counsel, Michael Massey, Esq., has been a member of the bar in good standing since 1998 and manages the firm of Massey & Duffy. (Doc. 66-1). This Court has previously approved a rate of $300 an hour for Mr. Massey for similar work on a motion to compel while noting that the early stage of the litigation made the $300 an hour fee more reasonable than $350, which Mr. Massey had requested in that case.[3] *See Howard v. Second Chance Jai Alai, LLC*, No. 5:15-cv-200, 2016 WL 367844, at *1 (M.D. Fla. Jan. 29, 2016). The Court will stick by the $300 an hour fee as reasonable under the circumstances.

In sum, the Court finds Plaintiff reasonably incurred 5.6 hours in making the motion and is entitled to an award of $1,680 ($300 per hour x 5.6 hours).

### III. CONCLUSION

Accordingly, Plaintiff's request for attorney's fees (Doc. 66) is **GRANTED** in the amount of **$1,680**.

**DONE** and **ORDERED** in Ocala, Florida on May 15, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[3] The Court notes that the case Plaintiff relies on for a $350 an hour rate came in the context of a final default judgment awarding Plaintiff all of the damages sought. (Doc. 66-3).

- 6 -

Copies furnished to:

Counsel of Record
Unrepresented Parties