UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHERYL RAFFERTY, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

Case No. 5:17-cv-00426-PGB-PRL

RETRIEVAL-MASTERS CREDITORS BUREAU, INC., doing business as RMCB COLLECTION AGENCY, and John Does 1-25,

    Defendants.    /

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendant Retrieval-Masters Creditors Bureau Inc. ("RMCB"), through its undersigned counsel, responds to Plaintiff's Motion for Leave to Amend [DE 73], and requests that the Court deny that Motion and grant RMCB whatever relief it deems appropriate for opposing the Motion, and in support of its opposition states as follows:

### INTRODUCTION

Plaintiff filed this action on September 20, 2017, alleging that the content of the RMCB collection letter to her overshadowed certain rights that were referenced on the front side of the letter in bold and "all caps" print and included, in full, on the backside. Plaintiff alleged this violated section 1692g of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. RMCB filed its Answer to the Complaint on November 14, 2017. [DE 13]. Hours after the Answer had been filed, Plaintiff, on that same day, moved for judgment on the pleadings or, in the alternative, for summary judgment.[1] [DE 14]. Plaintiff moved for class certification on April 4, 2018. [DE 62]. Now that this matter has been pending for months and a dispositive

---

[1] The Motion for Judgement on the Pleadings or, in the alternative, for Summary Judgment is fully brief and awaiting a decision from the Court.

motion has been fully briefed, Plaintiff wants to add a defendant and to amend the Complaint to add *material* factual allegations regarding the nature of the obligation in question.[2]

Plaintiff's Motion to Amend should be denied in its entirety[3] because the deadline to add parties or to amend the pleadings under the Case Management and Scheduling Order has passed [DE 43] and Plaintiff has failed to meet her burden of showing diligence. This is because Plaintiff cannot establish that Jeffrey Wollman, the Chief Financial Officer for RMCB, and his role in legal compliance for RMCB's collection work was not known to Plaintiff well in advance of the amendment deadline. In fact, Plaintiff was put on notice of Mr. Wollman's role in overseeing legal compliance as early as January 4, 2018. [See DE 35-4, ¶ 3].

Plaintiff also is unable to establish that prior to the amendment deadline she was not in possession of the factual allegations she now seeks to add to the Complaint that the outstanding account balance was a FDCPA consumer debt. First, Plaintiff does not argue that she was not in possession of those factual allegations prior to the amendment deadline. In fact, the Declaration she filed as part of this Motion shows that it would be impossible for her to argue in good faith that she was not in possession of the factual allegations she now wants to add on the FDCPA consumer debt issue at the time to action was commenced. [See DE 73-3]. Second, Plaintiff was given leave to file a reply in support of her Motion for Judgment on the Pleadings [DE 54] on the basis that Plaintiff wanted to address the FDCPA consumer debt issue [see generally DE 46], but

---

[2] When Plaintiff moved for judgment on the pleadings or, in the alternative, for summary judgment, she represented to the Court that the pleadings were closed, pursuant to Fed. R. Civ. P. 12(c). That Rule expressly states: ***After the pleadings are closed***—but early enough not to delay trial—a party may move for judgment on the pleadings. (emphasis supplied). Plaintiff was under no obligation or deadline to file a dispositive motion when she did. In Plaintiff's rush to engage in motion practice, RMCB maintains that she waived the any right she may have had to amend the pleadings because she knowingly took action procedurally under a Rule that required the pleadings to be closed.

[3] At the outset, it should be noted that Plaintiff's Motion is devoid of any law regarding the procedural rule or standard the Court is to apply in deciding this Motion. What is more, Plaintiff's Motion is devoid of any justification as to why she is entitled at this juncture of the case to the relief she is requesting.

*curiously* her Reply makes absolutely no mention of the factual allegations she now seeks to add to the Complaint.[4] [see generally DE 56]. Plaintiff's failure to properly and timely support the Complaint with factual allegations regarding an alleged FDCPA consumer debt is fatal to Plaintiff's claim. Plaintiff's attempt to resurrect that claim at this late stage via the declaration and amendment to the Complaint is impermissible because a party may not make new factual allegations or submit an affidavit as part of a reply to a motion, which, in essence, Plaintiff is attempting to do now. In addition, given that the Motion for Judgment on the Pleadings is fully briefed, RMCB would be unfairly prejudiced should the Court permit the FDCPA consumer debt amendment because a substantial portion of the briefing on the Motion for Judgment on the Pleadings was allocated towards that issue. By allowing the amendment, the Court would moot that substantial portion of the briefing and would amount to a waste of the Court's and the Parties' resources.[5] Plaintiff has failed to meet the very high burden of justifying this belated amendment of the operative pleadings. Furthermore, Plaintiff's amended complaint is futile, which also warrants the denial of Plaintiff's motion.

## ARGUMENT

### A.    Standard

In analyzing whether to grant a motion to amend pleadings after the deadline set forth in a scheduling order, the Eleventh Circuit's precedent requires a showing of diligence by the moving party, to meet the burden of establishing good cause. This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the

---

[4] If Plaintiff was going to allege facts regarding a FDCPA consumer debt, the time to have done that would have been prior to moving for judgment on the pleadings. Not after the parties expended substantial resources in briefing a dispositive motion.

[5] Even if the Court is included to allow the substitution of an individual defendant, which Defendant opposes for the reasons set forth below, the Court should still deny Plaintiff's request to include additional factual allegations regarding the nature of the debt.

3

extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 U.S. Dist. LEXIS 34514, at *10 (M.D. Fla. Mar. 10, 2017)(" Rule 16's good cause standard is a **rigorous** one, and requires Local Access to show that it has acted diligently in pursuing the amendment it seeks") (emphasis supplied).

> In *Sosa*, the court considered three factors in assessing diligence exercised in meeting the deadline set in the scheduling order for amending the complaint: 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment.

*Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)(citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)(upholding a denial of a motion to amend when plaintiff's failure to comply with the scheduling order was a result of a "lack of diligence in pursuing her claim")); *See also Smith v. Sch. Bd. of Orange City.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (holding that a failure to indicate why new facts were previously undiscoverable was a failure to show good cause); *Crockett v. GEO GRP., Inc.*, 582 F. Appx 793, 796 (11th Cir. 2014)(the "Court has said that where new facts provide the basis for the out-of-time amendment, the party should offer an explanation for 'why those facts previously were undiscoverable'); *Sanchez v. H & R Main., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013)(denying motion to amend complaint to add new parties when "[p]laintiff was aware that the parties whom she now seeks to add were possible parties prior to filing her original complaint"); *Gonzalez v. Pirelli Tire, LLC*, No. 608-CV-315-ORL19DAB, 2008 WL 2074408, at *3 (M.D. Fla. May 15, 2008)(denying motion to amend complaint to add parties and a claim for punitive damages because "a lack of diligence underlies [the] untimely motion rather than good cause"); *Rogers v. Hartford Life & Acc. Ins. Co., No. C.I.A.* 12-0019-WS-B, 2012 WL 2395194, at *3 (S.D. Ala. June 22,

2012)("diligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry"). Furthermore, any motion to amend a pleading is "**distinctly disfavored after entry of the Case Management and Scheduling Order**." (emphasis supplied). Local Rule 3.05(c)(2)(E).

> **B.    Plaintiff's Motion to Amend Should Be Denied in its Entirety Because the Deadline to Add Parties or to Amend the Pleadings under the Case Management and Scheduling Order Has Passed, Plaintiff Has Failed to Meet Her Burden of Showing Diligence and Permitting the Amendments Would be Unduly Prejudicial to RMCB.**

In her motion, Plaintiff has not met her burden of showing diligence in filing a motion to amend the operative complaint after the expiration of the deadline in this Court's discovery order, and does not address her rigorous burden.

> **i.    FDCPA Consumer Debt Amendment.**

Plaintiff seeks to amend the Complaint to include additional allegations regarding the nature of the obligation at issue, and to include an individual Defendant. Plaintiff cannot claim diligence as to the amendment of the allegations regarding the nature of the obligation at issue. Plaintiff cannot point to any new information that was not available to her prior to filing this action that gave rise to the current request to amend the Complaint. Instead, Plaintiff merely cites to a declaration that she executed on March 23, 2018. *See* Rafferty Declaration [DE 73-3]. Not only is the declaration based on information that was previously available to Plaintiff, but the declaration itself was available to Plaintiff prior to the expiration of the deadline to amend the pleadings. Importantly, Plaintiff does not argue that she was not in possession of those factual allegations prior to the amendment deadline.

While the proposed amendment regarding the FDCPA consumer debt issue may appear to be minor, it is material and relevant in light of the current procedural posture of this case. Plaintiff has filed a motion for judgment on the pleadings, or in the alternative, motion for summary judgment. [DE 14]. A substantial portion of the briefing on that motion has involved

5

the failure of Plaintiff to prove in that motion that the unpaid, outstanding account balance at issue was a consumer debt. *See generally* [DE 14, 35, 46, and 56]. Plaintiff now seeks to essentially moot all briefing on this issue by amending the complaint as it relates to the issue of whether the subject unpaid, outstanding account balance was a FDCPA consumer debt.[6]

The fact that Plaintiff was not diligent in seeking to amend the Complaint is underscored by the fact that Plaintiff was given leave to file a reply in support of her Motion for Judgment on the Pleadings [DE 54] on the basis that Plaintiff wanted to address this very FDCPA consumer debt issue [see generally DE 46], but curiously her Reply made no mention of the factual allegations she now seeks to add to the Complaint. [see generally DE 56]. In essence, Plaintiff is now seeking a third kick at the can in an attempt to resurrect her FDCPA claim. Plaintiff, and not this Court or RMCB, made the strategic decision to file a dispositive motion when she did. RMCB should not be punished for Plaintiff's ill strategic decision-making by undoing the

---

[6] The FDCPA applies to only consumer debt. ***Zimmerman v. HBO Affiliate Grp.***, 834 F.2d 1163, 1167 (3rd Cir. 1987); *see also **Pollice v. National Tax Funding, L.P**.*, 225 F.3d 379, 400 (3rd Cir. 2000); ***Gorbaty v. Portfolio Recovery Assocs., LLC***, 2009 WL 4642371, *2 (3rd Cir.); ***Garcia v. LVNV Funding, LLC***, 2009 WL 3079962, *3 - *5 (W.D. Tex); ***Fuller v. Becker & Poliakoff, P.***A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002); ***Martin v. Berke & Spielfogel***, 1995 WL 214453, *4 (E.D. Pa.). A consumer debt is defined as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the subject of the transaction is primarily for personal, family or household purposes. 15 U.S.C. § 1692a(5). In ***Anderson v. Afni***, 2011 WL 1808779 (E.D. Pa.), a case involving claims under the FDCPA, the court granted summary judgment to the defendant debt collector because the plaintiff did not come forward with sufficient evidence to show that the debt collector was collection a consumer debt. The Anderson court reasoned that simply because a debt collector is collecting from an individual at his/her residential address does not give rise to a reasonable inference, for purposes of the summary judgment framework, that a consumer debt is at issue. 2011 WL 1808779 at *13 - *14. That a consumer debt exists simply because collection efforts are targeting an individual at his/her residence is nothing more than conjecture or speculation. ***Id.; see also Holman v. W. Valley Collection Serv., Inc***., 60 F.Supp.2d 935, 937 (D. Minn. 1999) ("[I]f a communication to the debtor's home converted any commercial debt into an obligation under the FDCPA, it would be tantamount to an amendment of the clear intent of Congress."). Similarly, in ***Garcia***, 2009 WL 3079962, the defendant debt collectors in moving for summary judgment on the plaintiff's FDCPA claim argued that because the plaintiff denied that the underlying indebtedness was his own he could not produce any evidence regarding whether the subject of the indebtedness was primarily for personal, family or household purposes. Thus, according to defendants in ***Garcia***, there was a lack of evidence that the plaintiff had been the object of collection activity arising from consumer debt. 2009 WL 3079962, *3 - *4.

briefing on the pending dispositive motion that the parties and the Court have expended significant resources in briefing and overseeing. In addition, Plaintiff, in essence, is attempting to introduce new allegations of fact in a sur-reply to the Motion for Judgment on the pleadings. This practice of introducing new facts in reply or submitting a declaration as part of a reply has been held to be impressible. ***Gold v. Wolpert***, 876 F.2d 1327 at n.6 (7th Cir. 1989); ***Vargas v. Michaels Stores, Inc***., No. 8:16-cv-1949-T-33JSS, 2017 U.S. Dist. LEXIS 105643, *40 (M.D. Fla. July 10, 2017); ***TCC Air Servs. v. Schlesinger***, No. 05-80543-CIV-RYSKAMP/VITUNA 2009 U.S. Dist. LEXIS 21010, *19 (S.D. Fla. Mach 5, 2009). As a result, the Court should deny Plaintiff's motion to amend the Complaint to add factual allegations regarding the FDCPA consumer debt issue.

### ii. Jeffrey Wollman as an additional defendant.

Furthermore, Plaintiff has not shown any diligence in her lack of knowledge of Mr. Wollman as an individual Defendant in this action. Plaintiff does not set forth any claim of diligence as it relates to the discovery of Mr. Wollman, as required by the Eleventh Circuit. Therefore, her motion should be denied.

Plaintiff has failed to avail herself of a wide variety of discovery mechanisms available to her during the discovery period in this case, ***never noticing any depositions***. Plaintiff knew, as early as January 4, 2018, that Mr. Wollman was the individual responsible for the legal compliance affairs for RMCB, when a declaration to that effect was filed with the Court, further stating that he was familiar with the collection letter at issue in this matter. *See* Declaration of Jeffrey Wollman [DE 35-4]. This fact is underscored by the fact that Plaintiff's very own Motion to Amend states, in part, that the basis for adding Mr. Wollman as a defendant, as follows:

> ……Defendant's Chief Financial Officer, is responsible for the review and legal compliance affairs for RMCB, which includes the responsibility for the compliance of the letter at issue in this case.

[DE 73, p. 3]. Mr. Wollman's job duties in regards to legal compliance were clearly disclosed in the January 4, 2018 declaration that was filed. Any attempt by Plaintiff to argue that she was not aware of Mr. Wollman's role in compliance would be disingenuous.

Notwithstanding the parties' disagreement over the scope and language of Plaintiff's interrogatory as to the approval and drafting of the letter at issue in this matter, for more than 4 months, Plaintiff has known that Mr. Wollman is the head of compliance at RMCB. Furthermore, Plaintiff's motions demonstrate that she knew that Mr. Wollman was previously responsible for reviewing drafting and revising collection notices. *See* Plaintiff's motion to compel [DE 57, p. 7]. Plaintiff has not met her burden of showing diligence, and therefore, her motion should be denied.

### C. Plaintiff's Motion to Amend Should be Denied Because the Proposed Amendments Would be Futile.

In addition to denying the motion for leave to amend for the failure to demonstrate diligence, Courts can deny any amendment that is futile. "[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." ***Burger King Corp. v. Weaver***, 169 F.3d 1310, 1320 (11th Cir. 1999).

Here, Plaintiff's Amended Complaint seeks injunctive relief against Mr. Wollman under the FDCPA, despite such relief being unavailable to Plaintiff or a class under the FDCPA. *See* 15 U.S.C. 1692k; s*ee also **Bonanno v. New Penn Fin., LLC***, No. 5:17-cv-229-Oc-30PRL, 2017 U.S. Dist. LEXIS 118407, at *13 (M.D. Fla. July 28, 2017)(citing ***Sibley v. Fulton DeKalb Collection Serv.***, 677 F.2d 830, 834 (11th Cir. 1982)). This inclusion of relief that is unavailable to Plaintiff and the putative class under the FDCPA renders the requested amendment futile, and should lead the Court to deny the current motion.

Furthermore, Plaintiff has failed to state a claim against Mr. Wollman for personal liability, further making the requested amendment futile. Plaintiff fails to adequately allege facts that Mr. Wollman communicated with her, in violation of 15 U.S.C. 1692g. Plaintiff alleges that Mr. Wollman was a debt collector, but fails to allege that Mr. Wollman personally communicated with Plaintiff. The allegations and arguments that Mr. Wollman is a debt collector, while an element of Plaintiff's claims, do not state a claim. Individuals can be debt collectors under the FDCPA but the allegations of the proposed amended complaint do not state a claim against Mr. Wollman under § 1692g.

Section 1692g creates certain requirements for mandatory disclosures within 5 days of the initial communication from a debt collector to a consumer. There are no allegations that Mr. Rafferty ever had an initial communication with Mr. Rafferty as necessary to trigger the requirements of 1692g. Instead the letter attached to the complaint clearly demonstrates that it was from RMCB. Therefore, there are no allegations in the complaint that show that Mr. Wollman individually ever communicated with Plaintiff.

The 1692g language on the letter, clarifies that RMCB would obtain verification if the obligation in question was disputed by Plaintiff. Accepting Plaintiff's erroneous theory, that the letter from RMCB was an initial communication from not only RMCB, but also from Mr. Wollman, a plain reading of 1692g would require disclosures that not only RMCB, but also Mr. Wollman personally would comply with 1692g: the theory would create an individual duty for Mr. Wollman to personally obtain verification separate and distinct from that of RMCB to provide disclosures under 1692g. This absurdity would require debt collectors to verify all possible individuals who could be considered debt collectors within their organization, and include them by name in the 1692g disclosures, as they would have individual duties under

9

1692g as debt collectors. Nothing in 1692 supports the proposition that an initial communication can be from multiple debt collectors, and create 1692g liability for each of them.

The cases cited by Defendant from this district do not clearly state that an individual can be liable under 1692g. In **Schmidt v. Synergentic Communs., Inc**., No. 2:14-cv-539-FtM-29CM, 2015 U.S. Dist. LEXIS 6209, at *10 (M.D. Fla. Jan. 20, 2015), the court analyzed 1692e claims.[7] Section 1692e, states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and then elaborates on that general prohibition. This provision broadly covers activity in connection with the collection of a debt, and is much broader than the affirmative requirements of 1692g, which is triggered only by an initial communication from a debt collector. If a debt collector does not have an initial communication with a consumer, there can be no claim under 1692g. Plaintiff has failed to allege an initial communication from Mr. Wollman, and has therefore failed to state a claim against him under 1692g.

Additionally, Plaintiff has failed to state a claim because she has impermissibly engaged in shotgun pleading by comingling the allegations against Mr. Wollman and RMCB. The Eleventh Circuit has identified four types of prohibited shotgun pleadings:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Link to the text of the note Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple

---

[7] In the primary opinion cited in **Schmight**, the claims at issue appeared to involve 1692e(11) claims, again a much broader section than 1692g. **See Arlozynski v. Rubin & Debski, P.A**., 710 F. Supp. 2d 1308, 1309 (M.D. Fla. 2010).

> defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

***Weiland v. Palm Beach Cty. Sheriff's Office***, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleading is therefore grounds for dismissal. ***See Davis v. Coca-Cola Bottling Co. Consol.***, 516 F.3d 955, 979 (11th Cir. 2008) (discussing shotgun pleadings as something that "this court has been roundly, repeatedly, and consistently condemning for years"); ***see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.***, 305 F.3d 1293, 1295 (11th Cir. 2002); ***Harvick v. Oak Hammock Pres. Cmty. Owners Ass'n***, No. 6:14-cv-937-Orl-40GJK, 2015 U.S. Dist. LEXIS 187979, at *13 (M.D. Fla. July 22, 2015) (directing pro se plaintiff to "not incorporate by reference the factual allegations of any previous count into another count.")

Plaintiff fails to allege how Mr. Wollman is individually liable separate and distinct from its claims against RMCB. Count II of Plaintiff's complaint attempts to incorporate the entirety of Count I into it. This places the amended complaint squarely within the first category of shotgun pleading prohibit by the Eleventh Circuit. Plaintiff seeks to hold an individual liable without parsing out the allegations that she is directing at the individual versus the allegations she is directing at RMCB.

It should also be noted that courts that have considered whether a corporate officer may be liable under the FDCPA have, at least, found that the corporate officer actually engaged in debt collection activity regarding the subject debt. ***See White v. Goodman***, 200 F. 3d 1016 (7th Cir. 2000). Here, Plaintiff cannot establish that regarding Mr. Wollman. Also, the FDCPA should not be interpreted "to create bizarre results likely beyond the scope of Congress' intent in enacting the statute." ***Strand v. Diversified Collection Service, Inc***., 380 F.3d 316, 318 (8th Cir. 2004). Here, Plaintiff is asking the Court to add Mr. Wollman as a defendant simply because he

is a corporate officer, which is the very bizarre result that should be avoided.  Therefore, the Court should deny the motion for leave to amend because the shotgun pleading fails to state a claim, and the proposed amendment is therefore futile.

## CONCLUSION

Plaintiff has failed to meet her burden to show that she was diligent in failing to comply with this Court's scheduling order.  Furthermore, Plaintiff's proposed amended complaint is futile because it failed to state a claim and engaged in prohibited shotgun pleading. Both of these failings are fatal to Plaintiff's motion, and should lead the Court to deny the motion for leave to amend.

*WHEREFORE*, RMCB respectfully requests this Court enter an order denying Plaintiff's motion for leave to amend/ substitute, and grant RMCB any relief the Court deems appropriate in regards to it responding to the subject motion.

## CERTIFICATE OF SERVICE

I hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 22, 2018, on:

| | |
|---|---|
| Michael Massey | Michael D. Sechrest, Esq. |
| Massey & Duffy, PLLC | Warner, Sechrest & Butts, P.A. |
| 855 E. University Ave | 5200 S.W. 91st Terrace, Suite 101 |
| Gainesville, FL 32601 | Gainesville, Florida 32608 |

Respectfully Submitted,
HINSHAW & CULBERTSON LLP

*/s/ Carlos A. Ortiz*

**West A. Holden**
Florida Bar No. 0113569
wholden@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Tel: 305-358-7747 | Fax: 305-577-1063

*and*

**Carlos A. Ortiz**
Bar No. 6293505 (IL)
cortiz@hinshawlaw.com
*ADMITTED PRO HAC VICE*
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: 312-704-3000; Fax: 312.704-3001

*Attorneys for Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC.*