**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHERYL RAFFERTY, on behalf of**
**herself and all others similarly situated**

      **Plaintiff,**

**v.**                                       **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS**
**BUREAU, INC. and JOHN DOES 1-25**

      **Defendants.**

---

## ORDER

Plaintiff Cheryl Rafferty has filed a motion to amend her compliant to add Jeffery S. Wollman as a defendant and to add an allegation about the nature of the debt at issue in her Fair Debt Collection Practices Act claim. (Doc. 73). Defendant Retrieval-Master Creditors Bureau, Inc., has opposed the amendment. (Doc. 76). The motion is due to be granted at this time.

### I. BACKGROUND

The Court initially entered a scheduling order in this case requiring that any motion to amend the pleadings or add a party be filed by February 16, 2018. (Doc. 43). Plaintiff moved for an extension of that deadline based on a discovery dispute between the parties that Plaintiff claimed prevented her from learning the identity of persons Plaintiff wished to add to the complaint. (Docs. 49, 50). Eventually, when the parties were still not able to resolve the discovery issue, Plaintiff sought a second extension, which was denied without prejudice. (Doc. 55). In denying the motion, I noted at the time that no motion to compel discovery was outstanding in the case.

Plaintiff then filed a motion to compel, which was ultimately granted. (Doc. 57, 63). Defendant provided Plaintiff with the name of Mr. Wollman, Defendant's officer charged with supervising the company's debt collection practices. (Doc. 73-1). Plaintiff has now moved to add Mr. Wollman as a defendant. Plaintiff also seeks to amend paragraph six of her complaint to allege that: "All of her debts are for personal purposes and the alleged debt in this case is related to one or more gifts Plaintiff made to friends for their personal use." (Doc. 73-2 ¶6). Previously, the complaint had alleged that the debts were personal but did not explain that they were related to gifts to friends. (Doc. 1 ¶6). Defendant opposes the motion to amend. (Doc. 76).

## II.    LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within twenty-one days of service of the response. After the twenty-one day window has run, a party may amend its pleading only with consent of the other party or leave of the court—which the court "should freely give . . . when justice so requires."

When a party makes an untimely motion to amend its complaint, the party must meet Rule 16(b)'s "good cause" standard. *Diaz v. Burchette*, 585 F. App'x 968, 969 (11th Cir. 2014). The good-cause standard requires the party seeking a modification to show diligence in seeking the extension. *Id.* Courts may deny a motion to amend the complaint based on "numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Education*, 342 F.3d 1281, 1287 (11th Cir. 2003).

## III.    DISCUSSION

Defendant presents two reasons for denying the motion to amend. First, Defendant argues that Plaintiff has not been diligent in seeking to add a party and amend the factual allegations.

Second, Defendant maintains an amendment to add Mr. Wollman as a party would be futile because Plaintiff has failed to state a claim against him.

### A.  Lack of Diligence

Defendant argues Plaintiff was aware that Mr. Wollman was Defendant's compliance officer since January of 2018 when Defendant attached Mr. Wollman's deposition to its motion in opposition to summary judgment. (Doc. 35-4). Moreover, according to Defendant, Plaintiff was aware of the nature of the debt from the beginning of the case and could have timely amended the complaint to include this new allegation.

As to adding Mr. Wollman, Plaintiff has continuously sought information, through the discovery process, as to who at Defendant's company was responsible for reviewing or approving the debt-collection letter sent to Plaintiff, including seeking multiple extensions of the deadline to amend its compliant. (Doc. 49, 51). Although Plaintiff did not seek a motion to compel before the deadline expired, Plaintiff should not be penalized for attempting to resolve this discovery dispute without intervention from the Court—in fact, parties are encouraged to manage discovery on their own. *See generally* MIDDLE DISTRICT OF FLORIDA DISCOVERY I.A. (2015).

In addition, Defendant is itself largely to blame for the delay in filing the motion to amend because Defendant resisted Plaintiff's attempt at discovery. (Doc. 63). While Defendant emphasizes that Mr. Wollman was identified, by declaration, as a corporate officer whose responsibilities included legal compliance and who was "familiar with" the collection letter at issue several months ago, it was not until the Court granted Plaintiff's motion to compel that Defendant identified Mr. Wollman as the officer who oversaw the process for generating the letter at issue here and who was responsible for making sure the letter complied with the law. (Doc. 73-1).

In sum, Plaintiff has consistently sought to identify who was responsible for drafting or approving the debt-collection letter at issue here in order to add them as a party. The delay in adding Mr. Wollman has largely been of Defendant's own making. In addition, Defendant has not shown how the delay in adding Mr. Wollman to the compliant has prejudiced Defendant or Mr. Wollman.

Regarding Plaintiff's proposed amendment about the nature of the debt, it does not appear that this allegation will significantly alter the issues in the case. At most, the additional allegation that the debt was used to make gifts to friends adds some factual support and context to the allegations in the complaint. Insofar as Defendant is correct that the allegation is important to the merits of Plaintiff's claim, there is a strong preference to resolve disputes on the merits absent any indication that allowing an amendment to the pleadings will prejudice the opposing party. *See, e.g.*, *Harris v. Garner*, 216 F/3d 970, 996 (11th Cir. 2000) (noting the preference for permitting amendment under Rule 15 where necessary to resolve the claim on the merits). Here, Defendant has, again, not shown prejudice.

## B. Futility of the Amendment

Next, Defendant argues that Mr. Wollman is not a proper defendant because he is not a "debt collector" for the purposes of the FDCPA. According to Defendant, allowing amendment would be futile because there is no possibility of stating a claim against Mr. Wollman.

Section 1692a(6) defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." In the amended complaint, Plaintiff alleges that Mr. Wollman "controlled, directed, and/or participated in" the debt collection practices at issue and was aware of the unlawful procedures but "nevertheless approved or ratified them." (Doc. 73-2, ¶¶ 41–42). Defendant's response to

Plaintiff's motion to compel acknowledges that Mr. Wollman "oversaw compliance for the letter generally, and oversaw the continued use of the form of the letter without modifications or revisions" although the response denies that Mr. Wollman "participate[d] in any individualized decision to send the letter to Plaintiff." (Doc. 73-1).

The question of whether individual employees of a corporate debt collector may be liable under the FDCPA, absent piercing of the corporate veil, does not appear to have been addressed by the Eleventh Circuit or the U.S. Supreme Court. *See Schmidt v. Synergentic Commc'n, Inc.*, No. 2:14-cv-539, 2015 WL 248635, at *2 (M.D. Fla. Jan. 20, 2015). And courts within the Middle District of Florida, and elsewhere, are somewhat divided on the question. *Compare Garcia v. Jefferson Capital Sys., LLC*, 2007 WL 1364382, at *1 n.2 (M.D. Fla. May 9, 2007) (requiring corporate veil piercing to establish liability) *with Arlozynski v. Rubin & Debski, P.A.*, 710 F. Supp. 2d 1308, 1310–11 (M.D. Fla. 2010) (requiring only that plaintiff show individual defendants acted as "debt collectors" as defined by the statute).

The Court need not resolve the issue of individual liability at this point beyond noting that Plaintiff appears to have a non-frivolous argument that, in certain circumstances, individuals can be liable under the FDCPA such that the amendment is not necessarily futile. *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F. 3d 433, 437–38 (6th Cir. 2008) (finding that the individuals can be liable under the FDCPA based on the broad statutory definition applying to "any person").

Finally, the Court notes that Defendant's argument that the allegations against Mr. Wollman are insufficient to establish liability under the FDCPA overlap with the arguments Defendant makes in opposition to Plaintiff's motion for summary judgment. (Doc. 35). The Court expresses no view on the merits of these issues.

**IV.    CONCLUSION**

Accordingly, for the reasons stated above, Plaintiff's motion to amend her complaint is **GRANTED**. (Doc. 73). The Clerk is directed to docket the amended complaint attached to Plaintiff's motion. (Doc. 73-2).

**DONE** and **ORDERED** in Ocala, Florida on June 6, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties