UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHERYL RAFFERTY, on behalf of**
**herself and all others similarly situated**

    **Plaintiff,**

**v.**                                                **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS**
**BUREAU, INC. and JEFFREY**
**WOLLMAN**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Defendant Jeffrey Wollman has filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim under the Fair Debt Collection Practices Act (FDCPA). (Doc. 93). Plaintiff, Cheryl Rafferty, has opposed the motion, which is now ripe. (Doc. 95). On referral and after review, the motion is due to be granted and the claims against Mr. Wollman dismissed for lack of personal jurisdiction.

**I.**    **BACKGROUND**

In her amended complaint, Plaintiff alleges that Defendant Retrieval-Masters Creditors Bureau, Inc., (RMCB) mailed to Plaintiff a debt-collection letter that violated the FDCPA. (Doc. 79 ¶¶17–23). Specifically, Plaintiff alleges the communication violated the FDCPA by

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

relegating to the back of the letter—in a small, inconspicuous font—a notice required by law relating to Plaintiff's rights to contest the validity of the debt at issue. (*Id.* ¶23).

Mr. Wollman is the Chief Financial Officer for RMCB, responsible for legal compliance, and is alleged to have approved of the use of the illegal letter along with the use of an automated process that generated the letter. (*Id.* ¶12). In her amended complaint, Plaintiff maintains that Mr. Wollman "controlled, directed, and/or participated in RMCB's debt collection practices and is a 'debt collector'" as defined by the FDCPA. (Doc. 79 ¶41). The complaint further alleges that Mr. Wollman "knew of the unlawful debt collection procedures being used but nevertheless approved or ratified them." (*Id.* ¶42).

Mr. Wollman lives in Connecticut and works in New York. (Doc. 93-1 ¶¶3–4). He denies, by affidavit, that he has engaged in any activities that would subject him to the jurisdiction of the Florida courts and further states that his actions related to this matter were taken as an employee of RMCB not as an individual. (*Id.* ¶¶5–15). He avers that he "never personally communicated with Plaintiff" or "engaged in any solicitation in the State of Florida." (*Id.* ¶¶10, 13).

## II.   LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). The initial burden is on the plaintiff to allege sufficient facts to establish a prima facie case for personal jurisdiction over the nonresident defendant. *Virgin Health Corp. v. Virgin Enters.*, 393 Fed. App'x 623, 625 (11th Cir. 2010). A prima facie case is established if the plaintiff presents "enough evidence to withstand a motion for directed verdict." *Id.* at 626. The defendant may rebut plaintiff's prima facie case with affidavits or other competent evidence. *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-cv-2966, 2017 WL 3333120, at *2 (M.D. Fla. July 21, 2017). If defendant succeeds in rebutting plaintiff's prima facie case, the burden returns to the

plaintiff to substantiate the jurisdictional allegations in the complaint. *Id.* Where the evidence conflicts, the court will construe all reasonable inferences in favor of the plaintiff. *Id.*

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis: does the exercise of jurisdiction (1) comport with the long-arm statute of the forum state; and (2) the due process clause of the Fourteenth Amendment. *Virgin Health*, 393 Fed. App'x at 626. If there is a basis for the assertion of personal jurisdiction under the state statute, the court next determines: (1) whether sufficient minimum contacts exist to satisfy due process, and (2) whether maintenance of the suit offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). Only if both prongs of the due process analysis are satisfied may the court exercise personal jurisdiction over a nonresident defendant. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

To permit the exercise of specific jurisdiction, there must first exist "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Secondly, the defendant's contacts with the forum must give rise or relate to the plaintiff's cause of action. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). These two requirements "ensure that a defendant is only burdened with litigation in a forum where his conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* at 1220–21 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)) (internal quotation marks omitted).

The minimum contacts a defendant has purposely established with the forum must be evaluated in light of other factors to ensure that the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." *Id.* at 1221 (quoting *Int'l Shoe*, 326 U.S. at 320). While fairness to the defendant is a primary concern, other factors that must be considered in evaluating the fairness requirement include:

> [T]he forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.

*World–Wide Volkswagen*, 444 U.S. at 292 (citations omitted).

### III. DISCUSSION

To establish specific jurisdiction, Plaintiff must show Defendant performed one or more of the acts enumerated in Florida's long-arm statute.[2] Fla. Stat., § 48.193(1)(a). Plaintiff relies on two provisions of Florida's long-arm statute—the carrying-on-business provision and the tortious-act provision. Under both provisions, however, Plaintiff has not alleged sufficient facts to overcome Florida's corporate-shield doctrine or, alternatively, to show that Mr. Wollman had the requisite minimum contacts to satisfy the due process clause.

#### A. Florida's Long-arm Statute

"The reach of Florida's long-arm statute is a question of Florida law, and this Court is required to apply the statute as would the Florida Supreme Court." *Louis Vuitton Malletier, S.A. v.*

---

[2] In a single paragraph, Plaintiff briefly raises the issue of general jurisdiction under § 48.193(2), Florida Statutes, relying on the same argument Plaintiff makes for specific jurisdiction—namely that Mr. Wollman is "carrying on a business" in Florida. (Doc. 95 p. 9). As discussed in more detail below, under either a theory of general or specific jurisdiction, however, Plaintiff has not alleged sufficient facts to overcome Florida's corporate-shield doctrine. *See Kitroser v. Hurt*, 85 So. 3d 1084, 1089 (Fla. 2012).

*Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (internal quotation marks omitted). The Florida corporate-shield doctrine holds that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee." *Kitroser*, 85 So. 3d at 1089. "The rationale of the doctrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) (internal quotation marks omitted).[3]

As an initial matter, it is difficult to determine from the complaint what contacts Mr. Wollman is alleged to have with the State of Florida as the complaint simply asserts that Mr. Wollman "is responsible for the automated process that resulted in the subject letter being mailed to Plaintiff" without identifying what specific actions, if any, Mr. Wollman took in, or directed at, the State of Florida. (Doc. 79 ¶12). *Cf. Home Design Servs., Inc. v. David Weekley Home, LLC*, No. 2:06-cv-350, 2007 WL 1080001, at *2 (M.D. Fla. April 9, 2007) (dismissing for lack of personal jurisdiction where the complaint failed to establish what actions individual defendant took to establish jurisdiction). Although the complaint states that Mr. Wollman "controlled, directed, and/or participated in RMCB's debt collection practices," it does not allege that these acts were conducted in Florida, that Mr. Wollman took any action to target Florida, or that Mr. Wollman gained any pecuniary benefit from activities in the State of Florida.

Nevertheless, Plaintiff argues jurisdiction is proper under the carrying-on-business provision of the Florida long-arm statute because Mr. Wollman supervised and oversaw RMCB's

---

[3] Of course, corporate officers may be subject to the jurisdiction of the Florida courts for "committing fraud or other intentional misconduct." *Id.* at 1006 n.6.

debt-collection efforts, including the company's practice of sending "hundreds of thousands" of debt-collection letters to Florida. (Doc. 95 p.5). There is no allegation, however, that Mr. Wollman was personally involved in sending letters to Florida—as opposed to merely providing management and oversight to RMCB—or that Mr. Wollman had a pecuniary interest in RMCB's business in Florida. (Doc. 79 ¶12). *See Tommy Bahama Grp., Inc. v. Eagle*, No. 3:09-cv-641, 2010 WL 3340538, at *5 (M.D. Fla. Aug. 23, 2010) (dismissing for lack of jurisdiction where "Plaintiff present[ed] no evidence in support of [corporate officer's] personal involvement in any significant activities within Florida").

In fact, the amended complaint specifically states that: "At the time RMCB's improper collection efforts took place, JEFFREY S. WOLLMAN was acting as a corporate officer (Chief Financial Officer) of RMCB." (Doc. 79 ¶40). Plaintiff has, thus, failed to allege sufficient facts to overcome the corporate-shield doctrine as the only jurisdictional acts identified in the complaint were performed by Mr. Wollman outside of Florida for the benefit of his employer. *See Kitroser*, 85 So. 3d at 1089 (explaining that an employee without other connections to Florida will not be subject to the jurisdiction of the Florida courts "simply because he or she is a corporate officer or employee").

Similarly, Plaintiff's argument that jurisdiction is appropriate under the tortious act provision of the long-arm statute fails as well. A "violation of a statute prohibiting unfair debt collection is a breach of a duty imposed by law and therefore a tortious act."[4] *Alecca v. AMG Managing Partners, LLC*, No. 3:13-cv-163, 2014 WL 2987702, at *5 (M.D. Fla. July 2, 2014).

---

[4] For the purposes of resolving this motion, the Court again assumes without deciding that Mr. Wollman as an individual employee could be liable under the FDCPA. In a previous order, the Court noted that there was a split of authority on this question and did not resolve the issue. (Doc. 78 p.5). Here, assuming Mr. Wollman's acts could establish liability under the FDCPA, these actions lack sufficient connection to Florida to subject him to jurisdiction here.

Plaintiff rightly points out that physical presence is not the *sine qua non* of jurisdiction under the tortious act provision. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217 (11th Cir. 1999). Nonresident defendants can commit tortious acts in Florida from outside the state by virtue of "telephonic, electronic, or written communications *into* Florida." *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1208 (Fla. 2010).

Again, however, Plaintiff merely alleges that Mr. Wollman "controlled, directed, and/or participated in RMCB's debt collection practices . . . [and] knew of the unlawful procedures being used but nevertheless approved or ratified them." (Doc. 79 ¶¶41, 42). Nowhere does Plaintiff allege that Mr. Wollman sent communications into Florida or otherwise targeted his conduct at Florida. Mr. Wollman's affidavit establishes that he did not communicate with Plaintiff or solicit any business in the State of Florida. (Doc. 93-1 ¶13). The mere fact that Mr. Wollman "oversaw" or "was responsible for" certain aspects of RMCB's debt-collection practices that are alleged to be illegal and that such practices are alleged to have impacted Plaintiff in Florida is not enough to establish jurisdiction over him for actions taken in the scope of his employment entirely in another state. *See Liste v. Cedar Fin.*, No. 8:13-cv-3001, 2015 WL 439442, at *5 (M.D. Fla. Feb. 3, 2015) (dismissing claim against officer of debt collection company based on the corporate-shield doctrine).

### B. Minimum Contacts

Although Plaintiff's failure to establish jurisdiction under the Florida long-arm statute is sufficient to warrant dismissal, the Court also notes that Plaintiff has not established that jurisdiction is proper under the minimum-contacts standard of the due process clause. *See Venetian Salami Co.*, 554 So. 2d at 500 (explaining that the Florida long-arm statute and the due process clause inquires raise distinct issues). Under the traditional "purposeful availment" test, the court

must determine whether the non-resident defendant's contact: "(1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Mosseri*, 736 F.3d at 1357.

The United States Supreme Court has cautioned that the "'quality and nature' of an interstate transaction may sometimes be so 'random,' 'fortuitous,' or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction." *Rudzewicz*, 471 U.S. at 486 (footnote omitted) (quoting *World-Wide Volkswagen*, 436 U.S. at 92).

As discussed above, there are no allegations that Mr. Wollman purposefully availed himself of the privilege of doing business in Florida—at best, Plaintiff alleges that Mr. Wollman knew that the general form of the debt-collection letters he reviewed would be mailed by RMCB to consumers in Florida. The only tortious acts that Mr. Wollman is alleged to have performed—overseeing and approving a debt-collection letter that violated the FDCPA's requirements—were done in the State of New York for the pecuniary benefit of RMCB, his employer. Plaintiff has not shown that Mr. Wollman's actions as an officer for RMCB are connected with Florida such that Mr. Wollman could reasonably anticipate being haled into court in Florida. *See LeBlanc v. NCO Fin. Sys., Inc.*, No. 8:07-cv-943, 2008 WL 879428, at *3 (M.D. Fla. March 28, 2008) (finding that employees of debt collector who made telephone calls in to Florida lacked sufficient minimum contacts with Florida).

## IV. CONCLUSION

Accordingly, it is **recommended** that Mr. Wollman's motion to dismiss for lack of personal jurisdiction be **granted**. (Doc. 93).

**Recommended** in Ocala, Florida on July 31, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy