## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHERYL RAFFERTY, on behalf of herself and all others similarly situated,

      Plaintiff,

vs.

Case No. 5:17-cv-00426-PGB-PRL

RETRIEVAL-MASTERS CREDITORS BUREAU, INC., doing business as RMCB COLLECTION AGENCY, and JOHN DOES 1-25,

      Defendants.

_____/

### MOTION TO TAX COSTS
### ON BEHALF OF RETRIEVAL-MASTERS CREDITORS BUREAU, INC.

*Now Comes* Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. ("RMCB"), through its undersigned counsel, and pursuant to 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d)(1), *respectfully* and *timely* moves this Court for an Order taxing costs against Plaintiff in an amount **no less than $975.95** as a result of it being the prevailing party following the Court entering judgment in its favor in this action, and in support thereof, states as follows:

### I.   PRELIMINARY STATEMENT

On February 15, 2019, U.S. Magistrate Judge Lammens issued a Report and Recommendation wherein he recommended that the Court deny Plaintiff's Motion for Summary Judgment, and grant RMCB's Motion for Summary Judgment. Dkt. #127.  On March 4, 2019, the Court issued an Order adopting the Report and Recommendations.[1] Dkt. #128. On March 5, 2019, this Honorable Court entered judgment in favor of RMCB; thereby making RMCB the prevailing party. Dkt. #129.

---

[1] The Court also denied Plaintiff's Motion for Class Certification [DE #98] as moot.  That was Plaintiff second chance to move for class certification.  Plaintiff had filed a Motion for Class Certification earlier in the case.  [DE 62].  RMCB opposed each of those motions.  [DE #72, 109].

303325116v1 1002814

Accordingly, RMCB is entitled to have the Court tax costs in its favor and against Plaintiff in an amount no less than $975.95.

## II. ARGUMENT

### A. RMCB Is Entitled to Recover Its Costs

A prevailing party in a lawsuit should be awarded its costs. Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C §1920, a federal court or clerk of court may tax costs in favor of the prevailing party as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

RMCB is the prevailing party in this action, pursuant to the Court's March 5, 2019 judgment. Dkt. #129.

As reflected in the Bill of Costs, which is annexed hereto, RMCB is entitled to recover no less than **$975.95** as costs to be taxed against Plaintiff, as follows: (1) **$825.95** regarding Plaintiff's deposition transcript, and (2) **$150.00** for a *pro hac vice* fee paid to the clerk of court.

#### 1. Deposition Transcript Fees

The Eleventh Circuit has held that under §1920, a prevailing party is entitled have taxed deposition costs that were necessarily obtained for use in the case. ***See EEOC v. W&O, Inc.***, 213 F.3d 600, 620-622 (11th Cir. 2000). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.' If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for

discovery, it may be included in the costs of the prevailing party." *Fogleman v. Aramco*, 920 F. 2d 278, 285 (5th Cir. 1991). Furthermore, depositions taken of witnesses listed on the opposing party's witness list are necessarily obtained and, therefore, taxable. *See Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985). Since "the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep 7 of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

In this case RMCB is seeking to have the deposition costs for the taking of Plaintiff's deposition taxed. The deposition transcript was necessarily obtained for use in the case and the cost was **$825.95.** Plaintiff's deposition and sworn testimony was material to both RMCB's Motion for Summary Judgment in which it prevailed on, and in defending against Plaintiff's Motion for Class Certification. *See e.g.* Dkt. #74, 113, 116, 118, and Group Exhibit B. What is more, Plaintiff stated in her Response to RMCB's Interrogatory No. 24 that she anticipated calling herself to testify as trial. *See* Declaration of Ortiz, Ex. B. As a result, RMCB is entitled to have the costs for Plaintiff's deposition taxed in its favor.

### 2. Fees of the Clerk

A filing fee has been explicitly recognized as a taxable cost, pursuant to 28 U.S.C. §1920(5). *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007). ("[D]ocket fees are a taxable cost pursuant to 28 U.S.C. §1920(5)."). One such docket fee is the fee associated with seeking admission *pro hac vice*, which is taxable. *Disabled Patriots of Am., Inc. v. HT West End, LLC*, CIVIL ACTION NO. 1:04-CV-3216-JEC, 2007 U.S. Dist. LEXIS 17597 *15 - *16 (N.D. Ga. Mar. 13, 2007). RMCB is consequently entitled to recover the

**$150.00** expended for the fee paid to the Clerk of this Court to allow its lead counsel, Attorney Carlos A. Ortiz, to appear on its behalf, *pro hac vice*. ***See** information regarding the filing fee paid by RMCB, attached as Group Exhibit "D".* As is reflected by the docket in this matter, the majority of RMCB's filings were signed and filed by Attorney Ortiz, including submissions regarding the dispositive motions and the motions for class certification. In addition, Mr. Ortiz traveled from Chicago to Ocala to attend the Court mandated mediation in this matter. The $150 pro hac was charged to RMCB. Accordingly, RMCB is entitled to recover this cost by having that amount taxed against Plaintiff.

**B.     RMCB is Entitled to Interest on the Taxable Costs**

Pursuant to 28 U.S.C. § 1961(a), "[i]interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment." The Eleventh Circuit has further specified that "interest shall accrue on . . . taxable costs from the date the court entered final judgment." ***BankAtlantic v. Blythe Eastman Paine Webber, Inc.***, 12 F.3d 1045, 1052 (11th Cir. 1994). The post-judgment interest rate is "equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). RMCB is consequently entitled to interest from the date of this Court's March 5, 2019 Judgment. Dkt. #129.

### III.     CONCLUSION

For the foregoing reasons, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. respectfully requests that this Court enter an Order awarding RMCB no less than **$ 975.95** in taxed costs, plus post-judgment interest, as well as any other relief the Court deems just under the circumstances.

Case No.:  5:17-cv-00426-PGB-PRL

**RULE 3.01 CERTIFICATION**

Pursuant to Local Rule 3.01(g), undersigned counsel for RMCB certifies that he conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion but the parties were unable to reach an agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2019, on:

| | |
|---|---|
| Michael Massey | Michael D. Sechrest, Esq. |
| Massey & Duffy, PLLC | Warner, Sechrest & Butts, P.A. |
| 855 E. University Ave | 5200 S.W. 91st Terrace, Suite 101 |
| Gainesville, FL 32601 | Gainesville, Florida 32608 |

Respectfully Submitted,
HINSHAW & CULBERTSON LLP


*/s/ Carlos A. Ortiz*_____
**Carlos A. Ortiz**
Bar No. 6293505 (IL)
cortiz@hinshawlaw.com
***ADMITTED PRO HAC VICE***
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois  60606
Tel: 312-704-3000; Fax: 312.704-3000

*and*

**Keith Scott Howell**
Florida Bar No. 714461
khowell@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
One East Broward Blvd., Suite 1010
Ft. Lauderdale, FL 33301
Tel: 954-467-7900 | | Fax: 954-467-1024

*Attorneys for Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC.*