### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**CHERYL RAFFERTY, on behalf of**
**herself and all others similarly situated**

      **Plaintiff,**

**v.**                                    **Case No: 5:17-cv-426-Oc-PGBPRL**

**RETRIEVAL-MASTERS CREDITORS**
**BUREAU, INC.**

      **Defendant.**

---

### REPORT AND RECOMMENDATION[1]

Defendant in this Fair Debt Collection Practice action has filed a motion to tax costs after prevailing on summary judgment. (Doc. 130). Plaintiff has responded challenging all of Defendant's costs. (Doc. 131). Upon referral from the district court and after review, Defendant's motion is due to be granted in the amount set forth below.

### I.  BACKGROUND

Plaintiff brought this action on behalf of herself and similarly situated persons alleging Defendant's debt-collection violated the FDCPA and seeking statutory damages and other relief. Plaintiff also moved to certify a class, and the parties eventually filed cross motions for summary judgment. (Doc. 98, 112, 113). Defendant's motion was ultimately granted by the district court and judgment was entered in favor of Defendant. (Doc. 128, 129). Defendant now moves to tax

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

costs for taking Plaintiff's deposition and for its pro hac vice fee under 28 U.S.C. § 1920. (Doc. 130).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 U.S.C. § 1920 defines the costs taxable under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxing of:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The party seeking an award of costs bears the initial burden of submitting a request that enables a court to determine what costs were incurred by the party and in what amounts. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Once this showing is made, it is the losing party that bears the burden to demonstrate that the costs are not taxable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The losing party can meet its burden by providing "some rationale under which the court should not allow costs." *Geisler v. FedEx Ground Packaging Sys., Inc.*, No. 3:12-cv-1189, 2017 WL 4404442, at *3 (M.D. Fla. Aug. 28, 2017). If the court wishes to deny costs specifically authorized by § 1920, it must have a "sound basis" for declining to tax the costs. *See Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, "the word 'should' [in Rule 54] makes clear that the decision

whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013).

III.  **DISCUSSION**

  **A. Costs of Deposition Transcripts**

Defendant seeks its costs for taking the deposition transcript of Plaintiff, Cheryl Rafferty. Defendant has submitted an invoice for the deposition in the amount of $825.95. (Doc. 130-3). The invoice includes: $582.95 for the transcript; $165.00 for the court-reporter's attendance; $15.50 for exhibits; $46.00 for a "litigation package"; and $16.50 for shipping and handling. (*Id.*).

Costs of deposition transcripts "necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Plaintiff's deposition was cited by Defendant in its successful motion for summary judgment and attached to the motion. *See* (Doc. 113, pp. 6–8). *See also Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[U]se of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained . . . .").

Plaintiff objects that her deposition was not necessary since she was making only a generic allegation that Defendant's debt-collection letter would have confused the "least sophisticated consumer," an objective standard. (Doc. 131). Even if Plaintiff's narrow view of the principal issue was correct, though, Plaintiff's deposition was also relevant to the issue of whether Plaintiff's debt was "consumer debt" as well as whether she was a proper class representative, among other disputed issues. *See, e.g.*, *W & O*, 213 F.3d at 620–21 (explaining that depositions are taxable if "related to an issue which was present in the case at the time the deposition was taken").

As to the court reporter's attendance fee, this fee is generally recoverable, and Plaintiff has not explained why it would not be recoverable here. *See George v. Fla. Dep't Corr.*, No. 07-80019-

civ, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). In addition, while there is some split of authority on the shipping and handling costs, it appears here that the fee was a necessary cost of obtaining the transcript—and Plaintiff has not shown otherwise. *Id.* at *6.

The exhibits, however, appear to not be recoverable under Eleventh Circuit precedent. *See W &O*, 213 F.3d at 623 (noting the split of authority and declining to award costs for exhibits). Also, Defendant has not explained the necessity of the "litigation package" nor pointed to a provision of § 1920 that would permit the taxing of the litigation package.

Accordingly, Defendant is entitled to $764.45 in costs for Plaintiff's deposition after deducting the cost of the exhibit and litigation package: $825.95–$46.00–$15.50=$764.45.

### B. Pro Hac Vice Fees

Finally, Defendant seeks to recover the pro hac vice fees paid by its out-of-state attorney Carlos A. Ortiz, Esq. While Defendant relies on *Disabled Patriots of America, Inc. v. HT West End, LLC*, 2007 WL 789014, at *5 (N.D. Ga. March 14, 2007), where the court allowed the recovery of pro hac vice fees for one of two out-of-state attorneys, the greater weight of authority in this district appears to find pro hac vice fees are not taxable as the fee is an expense of counsel not the client. *See, e.g.*, *Lane v. Accredited Collection Agency, Inc.*, No. 6:13-cv-530, 2014 WL 1685677, at *10 (M.D. Fla. April 28, 2014); *Fulwood v. Capital One Auto Fin., Inc.*, No. 8:09-cv-378, 2011 WL 2148415, at *1 (M.D. Fla. May 13, 2011). In addition, the Court notes that Defendant had competent local counsel at all times during this action. Thus, Defendant has not shown it is entitled to tax the cost of its attorney's pro hac vice fee.

**IV.    RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that Defendant's motion to tax costs be granted in the amount of **$764.45**. (Doc. 130).

**DONE** and **ENTERED** in Ocala, Florida on April 1, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties